## ALICE McGEE SMITH v. CAROLINA COACH COMPANY.

(Filed 19 October, 1938.)

**1. Trial § 22b—**

Upon motion to nonsuit, the evidence must be viewed in the light most favorable to plaintiff, giving her the benefit of every reasonable intendment and inference.

**2. Automobiles §§ 13, 18g—Evidence that driver failed to signal his intention to stop held sufficient for jury on issue of negligence.**

Plaintiff's evidence tended to show that she was driving her automobile on the highway following a bus going in the same direction, that the bus driver suddenly stopped the bus without giving the signal required by C. S., 2621 (59). *Held:* The evidence was sufficient to be submitted to the jury on the issue of negligence notwithstanding evidence tending to show a sudden emergency making such stop imperative, and that the bus was equipped with signal lights that lighted when the brake was applied, such evidence being for the jury and not the court on defendant's motion to nonsuit.

**3. Automobiles §§ 11, 18g—Evidence held not to show that plaintiff's failure to see if she could pass bus in safety was proximate cause of injury.**

Evidence that plaintiff started to pass defendant's bus going in the same direction, saw a car approaching from the opposite direction, and pulled her car back in line behind the bus, and thereafter struck the rear of the bus when it stopped without signal, *is held* not to show contributory negligence barring recovery as a matter of law for failure of plaintiff to ascertain she could not pass the bus in safety before attempting to do so, since the evidence does not show that such failure was a proximate cause of the injury.

**4. Automobiles §§ 9b, 18g—Whether plaintiff failed to keep proper distance behind bus held for jury under the evidence.**

Plaintiff's car hit the rear of defendant's bus when the bus suddenly stopped without warning on the highway. Defendant moved to nonsuit upon the ground that plaintiff's evidence showed contributory negligence as a matter of law for failure of plaintiff to keep a reasonable and prudent distance behind the bus, as required by statute, Michie's Code, 2621 (57). Plaintiff testified that she was driving her car at about 40 miles per hour behind the bus and that she could see the pavement between her car and the bus for a distance as far as from the witness stand to the jury box. *Held:* Whether, under the circumstances, this was a shorter distance than was reasonable and prudent, was for the jury.

**5. Automobiles §§ 12a, 18g—Whether speed of 40 miles per hour was negligent under the circumstances held for jury.**

Defendant moved to nonsuit for that plaintiff's evidence that she was traveling about 40 miles per hour established contributory negligence as a matter of law. *Held:* Such speed is neither negligence *per se* nor *prima facie* evidence of negligence, and whether it was negligent under the circumstances was a question for the jury.

STACY, C. J., and BARNHILL and WINBORNE, JJ., dissent.

APPEAL by defendant from *Harris, J.,* at April Term, 1938, of
JOHNSTON.   No error.

*Royall, Gosney & Smith and Abell & Shepard for plaintiff, appellee.
J. M. Broughton for defendant, appellant.*

SCHENCK, J.   This is an action to recover damages alleged to have
been proximately caused by the negligence of the defendant in bringing
about a collision between a passenger automobile operated by the plain-
tiff and a bus operated by the agent and servant of the defendant on
Highway No. 10 between Garner and Raleigh.   The usual issues of
negligence, contributory negligence and damage were submitted and all
answered in favor of the plaintiff.   From judgment predicated on the
verdict the defendant appealed, assigning but one error, namely, that the
court erred in disallowing its motion for judgment as of nonsuit made
at the close of the plaintiff's evidence and renewed at the close of all
the evidence.   C. S., 567.

The bus of the defendant and the automobile of the plaintiff were
both proceeding in a northwardly direction toward Raleigh and the
plaintiff's automobile collided with the rear end of the defendant's bus,
causing said automobile to leave the highway with resulting personal
injury to the plaintiff and damage to her automobile.   The evidence
viewed in the light most favorable to the plaintiff, giving her the benefit
of every reasonable intendment and inference, which we must do upon a
demurrer to the evidence, tends to show that the plaintiff was driving
behind the defendant's bus, that she attempted to pass the bus, but upon
pulling her automobile to the left preparatory to passing she saw a car
approaching from the opposite direction, and pulled her automobile
back behind the bus, and while driving at a rate of speed of about 40
miles per hour, in a reasonable distance of the bus, the bus was suddenly
stopped without any signal being given by the driver of the bus of his
intention to stop, and as a result of the sudden stopping of the bus the
plaintiff was unable to stop her automobile in time to avoid a rear end
collision therewith.

C. S., 2621 (59), provides that "the driver of any vehicle  . . .
before  . . .  stopping  . . .  shall first see that such movement
can be made in safety  . . .  and whenever the operation of any such
vehicle may be affected by such movement shall give a signal as required
in this section plainly visible to the driver of such other vehicle of the
intention to make such movement.  . . .   Whenever the signal is
given the driver shall indicate his intention to  . . .  stop  . . .
by extending the hand and arm from and beyond the left side of the
vehicle  . . .  hand and arm pointing down.  . . ."

There is evidence tending to show that no signal was given before the bus was brought to a sudden stop. While there is evidence introduced by the defendant tending to show a sudden emergency making such stop imperative, and that the bus was equipped with signal lights that lighted when the brake was applied, this evidence was for the consideration of the jury, and not of the court upon a motion for judgment as of nonsuit.

We hold that there was sufficient evidence to be submitted to the jury upon the first issue.

The defendant contends, however, that even if it be conceded that there was sufficient evidence to be submitted to the jury on the first issue, the plaintiff's own evidence establishes, as a matter of law, contributory negligence.

The defendant's first contention is that it is shown by the plaintiff's own testimony that she was negligent in not ascertaining that a car was approaching from the opposite direction before attempting to pass the bus. This contention is untenable for the reason that it cannot be held as a matter of law that her failure to first ascertain the approach of another car from the opposite direction was the proximate cause of the plaintiff's injury and damage.

The defendant's second contention is that the plaintiff was contributorily negligent, as a matter of law, for the reason that her own testimony showed she was driving too close behind the bus. This contention is likewise untenable. N. C. Code of 1935 (Michie), 2621 (57), provides: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent with regard for the safety of others and due regard to the speed of such vehicles and the traffic upon and condition of the highway." The evidence most favorable to the plaintiff upon this aspect of the case is the testimony of the plaintiff that she could see the pavement between her automobile and the bus for a distance as far as from the witness stand to the jury box, and whether this was a distance shorter than was reasonable and prudent, having regard for the traffic and condition of the highway, was a question for the jury.

The defendant's third contention is that the plaintiff's testimony shows she was operating her automobile at a negligent rate of speed. The plaintiff's testimony is to the effect that she was driving about 40 miles per hour. Driving 40 miles per hour is neither negligence *per se* nor *prima facie* evidence of negligence. Whether such driving was negligent under the circumstances under which the plaintiff was operating her automobile was a question of fact to be ascertained by the jury.

While the evidence adduced by the defendant presents a sharp conflict with that of the plaintiff and the jury might have been fully warranted in answering either the first or second issue in favor of the defendant,

we cannot hold as a matter of law that the evidence was such as to impel the court to allow the defendant's motion for judgment as of nonsuit based upon a demurrer to all of the evidence.

No error.

STACY, C. J., and BARNHILL and WINBORNE, JJ., dissent.