## The Cleveland Ry. Co. *v.* Kuncic.

(Decided August 9, 1927.)

*Messrs. Squire, Sanders & Dempsey* and *Mr. Edwin H. Chaney,* for plaintiff in error.

*Messrs. Nicola & Horn,* for defendant in error.

HOUCK, J. This is a proceeding in error from the Common Pleas Court of Cuyahoga county, Ohio. The action was for damages for personal injuries received by Kuncic in a collision between an automobile driven by him and a street car of the Cleveland Railway Company. The street car was northbound over Collinwood bridge, crossing the New York Central tracks, and the automobile was going south.

The accident occurred about 5 a. m., on December 25, 1924.

The negligence charged against the railway company is stated in the petition in the following language:

"Plaintiff further says that said injuries were caused by the negligence of the defendant in operating said street car without having the same under proper control, so that the same failed to stop before striking the automobile of said plaintiff; that the defendant failed to notify the plaintiff of the approach of said street car by means of whistle, gong or otherwise; that said defendant failed to stop its street car after it saw or ought to have seen, in the exercise of ordinary care, the dangerous situation of said plaintiff in the path of said street car."

Plaintiff prayed for the sum of $5,000 damages for personal injuries, and $800 for damages to his automobile.

The jury found for the plaintiff below in the sum of $2,500, which the trial judge sustained in overruling motion for a new trial.

The grounds relied on for a reversal of this judgment are as follows:

(a) Refusal of the trial judge to sustain the motion of the railway company for a directed verdict.

(b) Giving special written request No. 2 before argument.

(c) The verdict and judgment are against the manifest weight of the evidence and contrary to law.

These claimed errors we shall discuss together.

Section 6310-17, General Code, reads:

"Vehicles shall keep to the right side of the road or highway except when necessary to turn to the left in crossing the road or highway or in overtaking and passing another vehicle; provided that, in passing a vehicle going in the same direction such passing shall be made as close to the right hand side of the road or highway as practicable."

Written request No. 2, given in charge before argument, reads:

"An owner of an automobile has an equal right to the use of the highway with pedestrians and other vehicles or street cars. In the use of East 152nd street of the city of Cleveland, as it crosses the railroad tracks, he may drive on the northbound street car track in a southerly direction if he uses ordinary care in so doing."

In view of said statutory provision as to the law of the road, and the record facts, we are fully satisfied that it was prejudicial error to give, in charge, the written request before argument to the jury.

First. It is not responsive to the proven facts and violates the provisions of Section 6310-17 of the General Code.

Second. The legal effect of the language used in the charge is that one has a right to violate the law

of the road, if in doing so he uses ordinary care, which is clearly erroneous.

Third. We are aware of the fact that written requests before argument must be given if they are responsive to the issuable and proven facts in the case. The request, in question, does not fall within this rule for the reasons already stated.

How stands the issue in this case, under the evidence, as to the question whether the railway company was guilty of negligence in one or more of the acts complained of, as set forth in the petition of plaintiff? Or, was the proximate cause of the accident and injuries to plaintiff the result of his own negligent act or acts?

A careful reading of all of the testimony on behalf of plaintiff, giving special attention to that of the plaintiff himself, leads to but one conclusion—that his own negligent acts were the direct and proximate cause of the injuries complained of. This, in connection with the evidence offered by the railway company, causes us to be clearly of the opinion that there is a failure of proof on the part of Kuncic to sustain the material allegations of his petition.

"The violation of a statute passed for the protection of the public is negligence *per se,* and where such act of negligence by a defendant is the direct and proximate cause of an injury not directly contributed to by the injured person, the defendant is liable." *Schell* v. *Du Bois, Admr.,* 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A., 710.

It is conceded that at the time of the collision the automobile of the plaintiff below was on the left-hand side of the road—the wrong side—yet, under the proof, no legal excuse was shown for it;

hence, as heretofore stated, at the time of the accident Kuncic was guilty of negligence per se, if the provisions of Section 6310-17, General Code, mean anything.

Giving to the defendant in error the most favorable aspect of the facts in the case, and applying thereto the well-known principles of law relating to negligence, as found in our text-books and the decisions of our courts, not only in this but in other jurisdictions, we are compelled to find that there is an absolute failure of proof to establish actionable negligence against the plaintiff in error.

It occurs to us that further comment is unnecessary, except to say that upon the grounds stated, and the reasons given for same, we are unanimous in finding prejudicial error in the record, which necessitates the reversal of the judgment of the Common Pleas Court.

*Judgment reversed and cause remanded.*

SHIELDS, P. J., and LEMERT, J., concur.

Judges of the Fifth Appellate District sitting in place of Judges SULLIVAN, VICKERY and LEVINE of the Eighth Appellate District.