I. L. Huddle, Cincinnati, and Ralph Kohnen, Cincinnati, for plaintiff in error.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, and Henry B. Street, Cincinnati, for defendant in error.

## HILL v UNION GAS & ELECTRIC CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4792.   Decided April 1, 1935

## OPINION

By MATTHEWS, J.

From the testimony of witnesses and the photographs, it is deducible that the defendant's automobile struck the left side of the plaintiff's automobile just back of the left front wheel and scraped along the left side to the back of the automobile. It is deducible from this that at the time of the collision the plaintiff's automobile was facing in an easterly or southeasterly direction.

The principal ground urged in support of the judgment is, that the evidence construed most favorably to the plaintiff discloses that the collision was caused either by his sole or contributory negligence. Reliance is placed upon **Railroad Co. v Rohrs, 114 Oh St, 493; Buell v N. Y. Central R. R., 114 Oh St, 40; Michalec v Hutchison, 123 Oh St, 494; Youngstown & Suburban Ry. Co. v Faulk, 118 Oh St, 480,** and other cases stating the rule and the duty of the trial court when no reasonable conclusion other than the negligence of the plaintiff can be drawn. Of course, there is no doubt about the rule or the duty of the court. The difficulty here, as in most cases, is in the application of the rule.

It seems to us that in this case the problem can be solved by a consideration of the statutory rules of traffic (§§6310-15 to 6310-37, GC) and particularly §§6310-17 and 6310-22 GC.

The plaintiff's automobile was stationary on the north side of Bramble Avenue. He

entered it intending to turn to the south side of the street and then toward the east. His duty in that situation was defined by §6310-22, GC, which provides that:

"Drivers of vehicles before turning, stopping or changing their course shall make sure such movement can be made in safety and shall cause signals to be made of their intention in a way visible outside the vehicle."

Now did this section impose an absolute duty upon the plaintiff, so that in turning, stopping, or changing his course he acted at his peril? We think not. It does require him to "make sure such movement can be made in safety." What does that mean?

There are many shades of meaning given to the word "sure" in the dictionaries. The primary meaning, however, is: "Assured in mind; confident beyond doubt; knowing, believing, trusting, or the like with certainty; unquestioning." Webster's New International Dictionary. It is therefore a state of mind. If he has that state of mind, then the duty imposed by the statute is discharged, provided the conclusion is predicated upon the acts and observations required in making sure that the movement can be safely made. If the required acts are done and observations made showing that the conditions then existing permit the movement to be made safely, the terms of the section have been complied with. The fact that through some extraordinary development, or the failure of others to observe the law, the movement was not, in fact, made safely has no tendency to prove that the terms of the section had not been complied with. In reaching a conclusion as to whether the turn could be made safely the plaintiff has a right to assume that the defendant would not approach the location at an unlawful speed and that its automobile would be and remain on the right side of the street. He had a right to assume that if he passed the center line of the street he would have nothing to fear from automobiles approaching from the east.

It is provided by §6310-17, GC, that:

"Vehicles shall keep to the right side of the center or center line of the road or highway except as otherwise provided herein."

That section prescribed the duty of the defendant which the plaintiff had a right to assume would be performed until he became aware that the defendant did not so intend or was failing to perform. In failing to observe the statute the defendant was negligent as a matter of law. Schell v DuBois, 94 Oh St, 93; Cleveland Railway v Runcie, 27 Oh Ap 47.

While some items point more clearly than others that the defendant's automobile was on its left side of the street, whatever probative force the different items of evidence possessed was to that effect. We think this evidence was substantial. The witnesses so testified. They identified the location of the collision by fixed objects, placing it south of the center of the street. In addition to this, the fact that the plaintiff's automobile was struck on its left side indicates that it was facing, at least somewhat, in the direction from which the defendant's automobile approached. This tends to show that the plaintiff's automobile was south of the center of Bramble Avenue at the time of the collision. In the absence of any countervailing evidence, we certainly cannot say that reasonable minds could draw but one conclusion from this evidence, and that that conclusion would be that the plaintiff was north of the center of the street at the time. Apparently the assurance of safety with which the plaintiff engaged in the act of turning would have been justified by the event, had not the defendant violated the law. No inference of plaintiff's negligence directly contributing arose. In that situation, Hamden Lodge v Ohio Fuel Gas Co., supra, required that the cause be submitted to the jury.

For these reasons the judgment is reversed, and the cause remanded to the Court of Common Pleas of Hamilton County for a new trial.

ROSS, PJ, and HAMILTON, J, concur.