## H. M. STOVALL v. C. A. RAGLAND.

(Filed 28 April, 1937.)

**1. Trial § 22—**

Upon motion to nonsuit, the evidence is to be considered in the light most favorable to the contentions of plaintiff. C. S., 567.

**2. Automobiles § 11—**

The driver of a car approaching a vehicle going in the same direction on the highway must keep on the right side of the highway until he determines to pass the vehicle in front of him, and before attempting to pass must give warning of his intention to do so by blowing his horn. N. C. Code, 2621 (51), (54b).

**3. Automobiles § 13—**

Where the driver of a car ascertains that there is no vehicle in sight, either ahead of him or behind him, on the highway, he is under no obligation, by virtue of N. C. Code, 2621 (59), to give any signal of his purpose to turn left across the highway to enter a driveway.

**4. Automobiles § 18g—Evidence held not to show contributory negligence barring recovery as matter of law.**

The evidence favorable to plaintiff tended to show that plaintiff, while driving his automobile on a State highway, at about 25 miles per hour, ascertained that there was no vehicle in sight either in front of him or behind him, slowed his car to about eight miles per hour and turned his car to the left across the highway to enter a driveway to his home, without giving any signal of his purpose to turn, that defendant, driving his car in excess of forty-five miles per hour behind plaintiff and traveling in the same direction, drove on the left side of the highway, without giving any warning of his intention to pass plaintiff's car, and hit plaintiff's car as plaintiff's car, which he could have seen for a distance of about five hundred feet, was entering the driveway with only its rear wheels extending on the highway for a distance of about four feet, leaving fourteen feet of unobstructed highway on defendant's right. *Held:* Defendant's violation of the statute regulating the passing of vehicles on the highway, N. C. Code, 2621 (51), (54b), was negligence *per se*, entitling plaintiff to recover if such violation proximately caused the injury in suit, and defendant's contention that plaintiff's failure to give the signal of his intention to turn to the left across the highway, N. C. Code, 2621 (59), constituted contributory negligence barring recovery as a matter of law is untenable, since the statute does not impose the duty on a driver to give such warning when the driver has ascertained that no vehicle is in sight from the front or rear.

APPEAL by plaintiff from *Harris, J.,* at February Term, 1937, of FRANKLIN. Reversed.

This is an action to recover damages for injuries both to his person and to his property, which the plaintiff suffered when an automobile which he owned and which he was driving was struck as it was entering

the driveway which leads from the highway on which he had been driving to his home on the west side of said highway, by an automobile which the defendant was driving.

It is alleged in the complaint that the injuries which the plaintiff suffered when his automobile was struck by the automobile which the defendant was driving were caused by the negligence of the defendant. This allegation is denied in the answer of the defendant.

In further defense of plaintiff's action, the defendant alleges in his answer that plaintiff by his own negligence contributed to his injuries. Such contributory negligence is pleaded by the defendant in bar of plaintiff's recovery in this action.    C. S., 523.

At the close of the evidence for the plaintiff, on motion of the defendant, the action was dismissed by judgment as of nonsuit.    C. S., 567.

The plaintiff duly excepted and appealed to the Supreme Court, assigning error in the judgment.

*Charles P. Green and G. M. Beam for plaintiff.*
*J. M. Broughton and W. H. Yarborough for defendant.*

CONNOR, J.   The evidence for the plaintiff at the trial of this action, considered in the light most favorable to the contentions of the plaintiff, as required by the well settled rule applicable to the question presented by this appeal (see *Murphy v. Asheville-Knoxville Coach Co.,* 200 N. C., 92, 156 S. E., 550), was sufficient to show the following facts:

On 8 March, 1936, about 2 o'clock in the afternoon, plaintiff left the cafe in the town of Louisburg, N. C., which was operated by his wife, in his automobile and drove in a northerly direction toward his home, which is located about a mile from the corporate limits of Louisburg on the west side of the highway leading from Louisburg to Henderson. Plaintiff's wife was in the automobile, sitting on the front seat beside the plaintiff.   On the rear seat were plaintiff's son, about 12 years of age, and another boy of about the same age.

Before reaching the driveway which leads from the highway on which he was driving to his home, which is about 125 feet from the highway, plaintiff was driving at a speed of about 25 miles per hour.   The weather was fair, and the highway dry.   As he approached the driveway, the plaintiff slowed down to a speed of about 15 miles per hour. After observing the highway in both directions—to the north, through his windshield, and to the south, by means of a mirror attached to his windshield, and seeing no automobile or other vehicle approaching from either direction, plaintiff turned from the right side of the highway and drove across the highway to his left.   Before doing so, plaintiff gave no

signal, by holding out his hand or otherwise, of his purpose to turn to his left and to enter the driveway.

After he had turned to his left, and while he was entering the driveway at a speed of about 8 miles per hour, plaintiff's automobile was struck on its left side by an automobile which was driven by the defendant. At the time it was struck its front wheels were just entering the driveway, and its rear wheels were on the highway, about 4 feet from its west side. The highway is 18 feet wide. It was clear for a distance of 14 feet on the right side of the defendant as he approached the driveway from the south. As the result of the collision, plaintiff suffered injuries both of his person and to his automobile, by reason of which he has sustained damages.

The highway on which plaintiff was driving before his automobile was struck by the automobile which the defendant was driving was straight for a distance of about 600 feet to the south of the driveway. The defendant approached the driveway from the south, traveling in the same direction as the plaintiff before he turned to his left and drove across the highway. Defendant could have seen plaintiff's automobile before plaintiff turned to his left and drove across the highway for a distance of at least 500 feet. He was driving at a rapid rate of speed— in excess of 45 miles per hour—on his left side of the highway. As he approached plaintiff's automobile he gave no warning, by sounding his horn or otherwise, of his purpose to pass plaintiff's automobile, nor did he slacken his speed until he was about 50 feet from plaintiff's automobile. He then put on his brakes, which were in good condition, and skidded toward plaintiff's automobile, which at that time was entering the driveway. After he had struck plaintiff's automobile, his automobile ran for a distance of about 80 feet, when it left the highway, and ran into an embankment. Plaintiff's automobile was knocked a distance of about 25 feet to the north of the driveway. It was practically demolished.

The trial court was of opinion that on all the facts shown by the evidence for the plaintiff, the defendant is not liable to the plaintiff in this action, and accordingly allowed defendant's motion that the action be dismissed on the ground that plaintiff by his own negligence had contributed to his injuries. Judgment as of nonsuit was thereupon rendered, dismissing the action. On his appeal to this Court, the plaintiff contends that there is error in the judgment. This contention must be sustained.

It was the duty of the defendant as he drove his automobile on the highway, which is 18 feet wide, following the automobile of the plaintiff, to drive on his right-hand side of the highway, at least until he overtook

and decided to pass plaintiff's automobile: This duty is prescribed by statute, which is as follows:

"Upon all highways of sufficient width, except upon one-way streets, the driver of a vehicle shall drive the same upon the right half of the highway, and shall drive a slow-moving vehicle as closely as possible to the right-hand edge or curb of such highway, unless it is impracticable to travel on such side of the highway, and except where overtaking and passing another vehicle, subject to the limitations applicable in overtaking and passing set forth in sections 2621 (54) and 2621 (55)." N. C. Code of 1935, section 2621 (51).

When defendant approached plaintiff's automobile and undertook to pass the same on the highway, it was his duty before passing, or attempting to pass, to give audible warning, by blowing his horn or otherwise, of his purpose to do so. This duty is also prescribed by statute, which is as follows:

"The driver of an overtaking motor vehicle, not within a business or residence district as here defined, shall give audible warning with his horn or other warning device before passing or attempting to pass a vehicle proceeding in the same direction." N. C. Code of 1935, section 2621 (54b).

The violation of these statutes, or of either of them, was negligence (see *Grimes v. Carolina Coach Co.,* 203 N. C., 605, 166 S. E., 599), and if such negligence was the proximate cause of plaintiff's injuries, as the evidence for the plaintiff tended to show, the defendant, nothing else appearing, is liable to the plaintiff in this action.

The defendant contends that, conceding that there was evidence tending to show that plaintiff's injuries were caused by his negligence, plaintiff cannot recover in this action, because all the evidence shows that plaintiff by his own negligence contributed to said injuries. This contention cannot be sustained. The statute applicable to this contention is as follows:

"The driver of any vehicle upon a highway, before starting, stopping, or turning from a direct line, shall first see that such movement can be made in safety, and if any pedestrian may be affected by such movement shall give a clearly audible signal by sounding the horn, and whenever the operation of any other vehicle may be affected by such movement shall give a signal as required by this section plainly visible to the driver of such other vehicle of the intention to make such movement." Code of N. C., section 2621 (59).

The plaintiff having first looked in both directions, and having observed no automobile or other vehicle approaching from either direction, was under no obligation, by virtue of the statute, to give any signal of his purpose to turn to his left and enter the driveway to his home. He

was therefore not negligent as a matter of law in failing to give a signal before he turned to his left and crossed the highway for the purpose of entering the driveway to his home.

There was error in the judgment dismissing the action. For that reason, the judgment is

Reversed.