ERNEST S. MASON v. P. H. JOHNSTON.

(Filed 1 March, 1939.)

1. **Automobiles §§ 13, 18g—Whether defendant observed rule of road in turning across highway into driveway held for jury under the evidence.**

Conflicting evidence as to whether defendant, in turning across the highway into the driveway of his residence, observed the rule of the road by ascertaining first if such turn would affect the operation of any other vehicle, and second, by giving the required signal, N. C. Code, 2621 (103) (a), *held* to raise an issue of fact for the jury in this action by a guest riding on a motorcycle to recover for injuries sustained when the motorcycle and defendant's car collided.

2. **Automobiles § 21—**

A passenger on a motorcycle injured in a collision between the motorcycle and an automobile may not recover of the driver of the car if the driver of the motorcycle was guilty of negligence constituting the sole proximate cause of the accident, but under the evidence in this case the question *is held* one for the jury.

3. **Automobiles § 20a—Evidence held to raise issue of fact as to whether passenger was guilty of contributory negligence.**

The evidence in this case tended to show that plaintiff was riding on a motorcycle as a guest of the driver, that the motorcycle was being driven at an excessive and dangerous rate of speed within the limits of a city, and that the motorcycle collided with an automobile driven by defendant as defendant was turning the car across the highway to enter the driveway to his residence. *Held:* The evidence, with the other evidence in the case, although insufficient to show contributory negligence as

a matter of law on the part of plaintiff guest, is sufficient to be submitted to the jury on the issue of whether plaintiff was guilty of contributory negligence, under the circumstances, in failing to remonstrate with the driver of the motorcycle, and it was error for the trial court to refuse to submit the issue of contributory negligence tendered by defendant.

**4. Same—**

A guest or passenger in a vehicle may be guilty of contributory negligence by failing to remonstrate with the driver of the vehicle when the circumstances are such that a man of ordinary prudence would make such remonstrance, and such negligence is active negligence on the part of the guest and is distinct from the doctrine of imputed negligence.

APPEAL by defendant from *Bone, J.*, and a jury, at November Term, 1938, of NASH. New trial.

This is an action for actionable negligence brought by plaintiff against the defendant. The plaintiff alleged that he was injured in an automobile collision which was caused by the negligence of the defendant. The defendant denied negligence and alleged that the driver of the motorcycle on which plaintiff was riding was guilty of negligence which was the sole proximate cause of the accident and/or plaintiff himself was guilty of contributory negligence.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Ans.: 'Yes.'

"2. What amount, if any, is the plaintiff, Ernest S. Mason, entitled to recover of the defendant? Ans.: '$2,500.' "

The exceptions and assignments of error and necessary facts will be considered in the opinion.

*F. S. Spruill (now deceased), Harold D. Cooley, and J. M. Alexander for plaintiff.*
*Wilkinson & King and Pearsall & Barnhill for defendant.*

CLARKSON, J. At the close of plaintiff's evidence and at the conclusion of all the evidence, the defendant in the court below made motions for judgment as in case of nonsuit. C. S., 567. The court below refused these motions and in this we can see no error.

The evidence on the first issue on the part of the defendant was to the effect that before he turned across the public highway to enter the driveway to his home, he extended his hand and in other respects complied with the rule of the road, as follows:

N. C. Code (Michie), 1937, Suppl. Sec. 2621(301) : "(a) The driver of any vehicle upon a highway before starting, stopping, or turning from

a direct line shall first see that such movement can be made in safety, and if any pedestrian may be affected by such movement shall give a clearly audible signal by sounding the horn, and whenever the operation of any other vehicle may be affected by such movement, shall give a signal as required in this section, plainly visible to the driver of such other vehicle, of the intention to make such movement. (b) . . . Whenever the signal is given the driver shall indicate his intention to start, stop, or turn by extending the hand and arm from and beyond the left side of the vehicle as hereinafter set forth. Left turn—Hand and arm horizontal, forefinger pointing; Right turn—hand and arm pointed upward; Stop—hand and arm pointing downward. All signals to be given from left side of vehicle during last fifty feet traveled."

The plaintiff denied that defendant complied with the rule of the road above set forth. This was a question for the jury. *Stovall v. Ragland,* 211 N. C., 536.

It is well settled that if the negligence of Clyde Evans, the driver of the motorcycle on which plaintiff was riding in the rear as his guest, was the sole and only proximate cause of the injury, the plaintiff could not recover. *White v. Realty Co.,* 182 N. C., 536; *Sanders v. R. R.,* 201 N. C., 672 (676); *Keller v. R. R.,* 205 N. C., 269 (278-9). On the evidence in this case this was a question for the jury to determine. The defendant tendered the same issues that were tendered by plaintiff and also tendered the additional issue: "Did the plaintiff by his own negligence contribute to his injury as alleged in the answer?" To the refusal of the court below to submit this issue, the defendant excepted and assigned error. On the evidence in the present record, we think this issue should have been submitted to the jury.

In *Harper v. R. R.,* 211 N. C., 398 (402), citing a wealth of authorities, it is written: "It is well settled in this jurisdiction that negligence on the part of a driver of a car will not ordinarily be imputed to another occupant unless such other occupant is the owner of the car or has some kind of control over the driver. They must be engaged in a joint enterprise or joint venture. Automobile driver's negligence is not, as a general rule, imputable to a passenger or guest." *Pusey v. R. R.,* 181 N. C., 137; *Campbell v. R. R.,* 201 N. C., 102; *York v. York,* 212 N. C., 695 (699).

In *Norfleet v. Hall,* 204 N. C., 573 (577-8), we find: "It is conceded that there are circumstances under which even an invited guest riding in an automobile driven by his host, owes the duty to himself to remonstrate against the excessive speed at which his host is driving his automobile, and to request him to lessen his speed, and that a failure on the part of such guest to discharge this duty bars his recovery of damages

caused by the negligence of his host. *King v. Pope,* 202 N. C., 554, 163 S. E., 447; *Nettles v. Rea,* 200 N. C., 44, 156 S. E., 159."

In the present case the evidence on the part of defendant as to contributory negligence was to the effect that the collision occurred about dusk or about 8:00 to 8:30 o'clock on 12 July, 1937. Clyde Evans was driving the motorcycle, which was headed west on Sunset Avenue. Plaintiff was riding behind as his guest. They were going swimming in Stoney Creek, at the Old Country Club. R. O. Huntley, witness for defendant, testified, in part, that he saw them about one quarter of a mile from the scene of the accident "coming at a very high rate of speed, around 45 or 50 miles an hour," within the city limits of Rocky Mount. There were two motorcycles. "After these two motorcycles passed . . . heading west on Sunset Avenue, I heard them open wide as soon as they straightened that curve and then I heard the collision in a few minutes."

C. C. Thorne, witness for defendant, testified, in part: "I live on Sunset Avenue in Rocky Mount in the bend of the highway at the intersection . . . I live on the curve there. I remember that on the night of July 12, 1937, those two motorcycles passed the house. I was sitting out in the yard. I noticed they were speeding, it looked like. I heard something immediately after the two motorcycles passed my home. I heard a crash a few seconds after they passed."

P. H. Johnston, the defendant, testified, in part: "I had closed the day's work at the office and I had started home on the night of July 12th, or evening of July 12, 1937. I went out down Sunset Avenue across the river, approached my driveway. Before getting to my driveway there was nobody on the road in front of me. There were no lights showing in my rear mirror to my rear nearer than approximately 300 yards down the river bridge. When I approached my driveway I slowed my car down to approximately 15 to 18 miles, put my hand out the left window, made my turn to my driveway. As my car, I should say about the time the front wheel got near the edge of the left hand concrete, I heard a screeching of brakes, and by the time my wheel got on the bridge a motorcycle crashed into me. It knocked my car practically straight up the road heading towards Nashville. The motorcycle flew over the edge of my radiator into a ditch on the opposite side, heading towards Nashville approximately 12 feet before it hit the ground. There were two young men on the motorcycle that were thrown off; one of them, the driver, I don't know how far he went, but young Mason was thrown approximately 60 feet through the air before ever touching the ground. . . . My front wheels were on my bridge at the time of the collision or impact. Approximately 18 to 19 feet of the highway

was then available for travel, clear and unobstructed. That includes the dirt shoulder. Around 11 to 12 feet of the hard surface. . . . That scar (shown on the car in the picture) is where the running board was crushed in. The first place of the motorcycle hitting the car must have been around that running board and crushed in here where the left hand fender and running board join."

T. R. Burdette, a State Highway Patrolman, testified, in part: "On the morning of July 13, 1937, Sheriff Johnston reported to me an accident involving him and Ernest Mason, which had occurred the night before. The report was made sometime after I went to my office that morning. I went with the sheriff to the scene of the accident and saw skid marks on the highway and torn-up place in the bank of the road, little bank, and on the side of the road. Those skid marks were on the left side of the highway going west. I measured the skid marks, stepped it off, and it was approximately 90 feet. It started off a couple of feet over from the center line and kept bearing a little to the left."

In the Law of Automobiles (N. C. Michie, 1938 Ed.), part sec. 27, page 55, is the following: "As the rules in regard to the care which must be exercised by a guest, that is whether he is guilty of contributory negligence, are the same in actions by the guest against his host and in actions by the guests against third persons, . . . The general rule established may be stated to be that while the driver's negligence may not ordinarily be imputed to the guest or passenger riding with him so as to bar such guest's or passenger's right of recovery against the other driver, yet, when danger arising out of the operation of a vehicle by another is manifest to a passenger or a guest who has adequate opportunity to control the situation, if he sits without protest and permits himself to be driven to his injury, his negligence will bar a recovery—such negligence is not the negligence of the driver imputed to him as a passenger, but his own negligence in joining with the driver and facing manifest danger. In such case the passenger becomes coadventurer in the risk. In other words, if the plaintiff, in the exercise of due and ordinary care, such as would be exercised by a reasonably prudent and cautious man, saw or should have seen the driver was conducting himself in a negligent manner, and if, under those circumstances, a reasonably prudent and cautious man would have warned or cautioned or attempted to persuade the driver from his reckless conduct, and to drive his car in a careful and prudent manner, and failed to give such warning or caution or to make such attempt, and such failure caused or contributed to the collision, then the occupant would be guilty of contributory negligence which would bar his recovery."

On the above evidence of defendant and other evidence in the case, plaintiff the guest could not be declared guilty of contributory negligence, but we think the evidence should have been submitted to the jury on this aspect. We give the material aspects of defendant's evidence, but plaintiff and his witnesses give another version. It is for the jury to determine the true facts. The arguments and briefs for defendant were not only persuasive but convincing.

For the reasons given, there must be a

New trial.