NELLIE VIRGINIA HOLLAND v. MRS. M. M. STRADER AND W. O. MAYES.

(Filed 8 November, 1939.)

1. **Automobiles § 18g—Evidence of defendant's negligence in stopping without giving statutory warning held sufficient to take case to the jury.**

Evidence that defendant stopped his car suddenly without giving the warning signal required by statute, and that the car in which plaintiff was riding as a guest, traveling on the highway in the same direction behind defendant's car, collided with the rear of defendant's car, causing the injury in suit, *is held* sufficient to be submitted to the jury on the issue of defendant's negligence, notwithstanding defendant's evidence that the cars were in a long line of traffic going to a football game and that the negligence of the driver of the car in which plaintiff was riding in failing to keep a proper lookout and control over the car, and in following too closely behind defendant's car, was the sole proximate cause of the injury, the conflicting contentions raising a question of fact for the determination of the jury. Sec. 116, ch. 407, Public Laws 1937.

2. **Automobiles § 9c—**

The violation of a statute imposing regulations upon the operation of motor vehicles in the interest of public safety constitutes negligence *per se,* but such violation must be the proximate cause of injury in order to impose liability.

3. **Automobiles § 18a—**

Whether the violation of a safety statute is a proximate cause of injury is ordinarily a question of fact for the determination of the jury.

4. **Automobiles § 13—**

The violation of the statute requiring a motorist desiring to stop on the highway to first ascertain if he can stop in safety, and, where the movement of another vehicle may be thereby affected, to give the statutory signal for stopping, is negligence *per se.*

5. **Automobiles § 18h—**

An instruction that if the jury should find by the greater weight of the evidence that the defendant failed to observed the statutory requirements in stopping on the highway, the violation of the statute would constitute negligence, and that if they further found by the greater weight of the evidence that such negligence was the proximate cause of plaintiff's injury, they should answer the issue of negligence in the affirmative, is without error.

APPEAL by defendants from *Gwyn, J.,* at August Term, 1939, of IREDELL. No error.

This was an action for damages for a personal injury resulting from an automobile collision alleged to have been caused by the negligence of defendants. Plaintiff's evidence tended to show that on 29 October,

1938, plaintiff was a passenger in an automobile, belonging to and driven by her sister, en route to Chapel Hill to witness a football game; that approaching Chapel Hill from the west there were a number of automobiles being driven in same direction; that the automobile of defendant Strader, then being operated by defendant Mayes, was immediately in front of the car in which plaintiff was riding, at a distance of two or three car lengths, both cars traveling thirty or forty miles per hour; that defendants' car stopped suddenly without warning and without any signal being given of intention so to do, and that the car in which plaintiff was riding, in spite of application of brakes and attempt to turn aside, collided with defendants' car, causing injury to plaintiff. The defendants' evidence tended to show that there was a continuous line of cars extending for miles east and west of the point of collision with only a short space between cars; that along this line the cars were frequently stopping and starting due to the congestion and slackening of the line of cars in front; that at the point of collision there was a sudden stop of cars in front of defendants which caused the driver also to stop, and plaintiff's car struck the left rear end of defendants' car; that the collision would have been avoided if the driver of the car in which plaintiff was riding had kept proper lookout and her car under control; that the driver of the car in which plaintiff was riding was either following too closely, or had time, after seeing the cars in front stopping, within which to apply brakes and stop. The defendants contended that the negligence of the driver of the car in which plaintiff was riding was the sole proximate cause of the injury.

Upon appropriate issues submitted to the jury, there was verdict for plaintiff, and from judgment thereon the defendants appealed.

*Hoyle C. Ripple and Scott & Collier for plaintiff.*
*Adams, Dearman & Winberry for defendants.*

DEVIN, J. The appellants assign as error the denial by the court below of their motion for judgment of nonsuit, but in this we find no error. The plaintiff's evidence, taken in the light most favorable to her, affords substantial basis for submission of the case to the jury, and supports the verdict. True, according to defendants' evidence, a different aspect of the circumstances was presented tending to relieve the defendants of liability for plaintiff's injury, but the decision was a matter within the exclusive province of the jury. *Smith v. Coach Co.,* 214 N. C., 314.

Defendants excepted to the judge's charge, in that, after reading to the jury section 116 of the Motor Vehicle Act of 1937 (ch. 407, Public Laws 1937), he instructed the jury, if they found by the greater weight

of the evidence that the defendants violated this statute, that would constitute negligence, and if they further found by the same degree of proof that such negligence was the proximate cause of plaintiff's injury, to answer the issue of negligence in her favor. The section referred to requires the driver of a motor vehicle, before stopping on the highway, to see that such movement can be made in safety, and, where the movement of another vehicle may be thereby affected, to give a signal plainly visible to the driver of the other vehicle, indicating his intention to stop, by extending hand and arm from and beyond the left side of his vehicle, hand and arm pointed downward. The violation of this provision is made a misdemeanor by section 137 of the act.

According to the uniform decisions of this Court, the violation of a statute imposing a rule of conduct in the operation of a motor vehicle and enacted in the interest of safety has been held to constitute negligence *per se,* but before the person claiming damages for injury sustained can be permitted to recover he must show a causal connection between the injury received and the disregard of the statutory mandate. This has been the established rule in North Carolina since *Ledbetter v. English,* 166 N. C., 125, 81 S. E., 1066. In *Taylor v. Stewart,* 172 N. C., 203, 90 S. E., 134, a new trial was awarded for the failure of the trial judge in that case to so instruct the jury. *Pearson v. Luther,* 212 N. C., 412, 193 S. E., 739; *Turner v. Lipe,* 210 N. C., 627, 188 S. E., 108; *James v. Coach Co.,* 207 N. C., 742, 178 S. E., 607; *Norfleet v. Hall,* 204 N. C., 573, 169 S. E., 143; *Murphy v. Coach Co.,* 200 N. C., 92, 156 S. E., 243; *Hendrix v. R. R.,* 198 N. C., 142, 150 S. E., 873; *Albritton v. Hill,* 190 N. C., 429, 130 S. E., 5; *Graham v. Charlotte,* 186 N. C., 649, 120 S. E., 466.

In *Stovall v. Ragland,* 211 N. C., 536, 190 S. E., 899, cited by appellants, there was judgment of nonsuit below on the ground that the plaintiff in that case was guilty of contributory negligence in failing to give proper signal before turning to the left. This Court, in reversing the nonsuit, held that there was evidence that the defendant had violated two sections of the automobile law, and that "the violation of these statutes, or either of them, was negligence," and that plaintiff's failure to give the signal, after having looked in both directions and having observed no other vehicle approaching from either direction, would not, under the circumstances, justify the court in withdrawing the case from the jury, the question of proximate cause being one for the jury.

The violation of a statute imposing a duty on the driver of a motor vehicle for the protection of persons and property from injury necessarily connotes a breach of duty constituting negligence, but it does not import liability unless the violation of the statute be shown by proper

MAY v. POWER CO.

proof to have been the proximate cause of the injury. What is the proximate cause of the injury is usually a matter to be determined by the jury.

The other exceptions are to those portions of the judge's charge wherein he was arraying the contentions of the parties. The attention of the court not having been called to these matters at the time, the exceptions thereto are therefore deemed to have been waived. They came too late when noted for the first time after the verdict. *Noland Co. v. Jones,* 211 N. C., 462, 190 S. E., 720; *S. v. Herndon,* 211 N. C., 123, 189 S. E., 173; *S. v. Sinodis,* 189 N. C., 565, 127 S. E., 601.

We conclude that in the trial there was

No error.