ROGER DOUGLAS COOLEY v. WILLIAM THOMAS BAKER AND CAREY K. BIZZELL.

(Filed 8 March, 1950.)

**1. Automobiles § 8c—**

The violation of G.S. 20-154, requiring that a driver turning from a direct line shall first see that such movement can be made in safety and, whenever such movement may affect the operation of another vehicle, to give proper signal, is negligence, and is actionable if such violation proximately causes injury to another.

**2. Automobiles § 7—**

Statutes regulating the operation of motor vehicles must be given a reasonable and realistic interpretation with regard to physical conditions to effect the legislative purpose to promote and not obstruct vehicular travel.

**3. Automobiles § 8c—**

The requirement of G.S. 20-154 that a motorist shall not turn from a straight line until he has first seen that the movement can be made in safety does not mean that he may not make a left turn on the highway unless the circumstances be absolutely free from danger, but only that he exercise reasonable care under the circumstances in ascertaining that such movement can be made with safety to himself and others.

**4. Same—**

G.S. 20-154 does not require that a motorist give proper signal before making a left turn on the highway unless the surrounding circumstances afford him reasonable grounds for apprehending that such movement may affect the operation of another vehicle, and in exercising such prevision he may, in the absence of notice to the contrary, assume that other motorists will maintain a proper lookout, drive at a lawful speed, and otherwise exercise due care.

**5. Same—**

Where a motorist makes a left turn across a street, without signaling, to enter a filling station, and makes such turn when a vehicle approaching from the opposite direction is 900 feet away, and is struck by such other vehicle which was traveling at a speed of approximately 70 miles per hour, such motorist does not violate G.S. 20-154, since the motorist had every reason to believe that he could complete his turn with safety to himself and others without affecting in any way the operation of the approaching vehicle.

**6. Automobiles § 18d—**

Where a motorist makes a left turn across a highway, without signaling, to enter a filling station, when a vehicle approaching from the opposite direction is some 900 feet away, and is struck by such other vehicle which was traveling approximately 70 miles per hour, the negligence of the driver of such other vehicle is the sole proximate cause of the accident.

APPEAL by defendant, William Thomas Baker, from *Burgwyn, Special Judge,* at the September, 1949, Term of NASH.

This action arose out of a collision between a Ford truck driven by the defendant, William Thomas Baker, and a Pontiac Sedan operated by the defendant, Cary K. Bizzell. The accident occurred on South Church Street in the City of Rocky Mount, North Carolina, on 3 April, 1948. The plaintiff, Roger Douglas Cooley, who was a guest in the Ford truck, seeks to hold his host, the defendant Baker, and the driver of the Pontiac Sedan, the defendant Bizzell, jointly liable in damages for personal injuries suffered by him in the collision on the theory that such injuries were the proximate consequence of the concurrent negligence of the defendants. The defendant Baker demurred to· the complaint on the ground that it does not state facts sufficient to constitute a cause of action against him. G.S. 1-127 (6). The portions of the complaint pertinent to this matter are set out in the opinion which follows this statement. The Superior Court entered judgment overruling the demurrer, and the defendant Baker excepted and appealed, assigning that ruling as error.

*Cooley & May for plaintiff, appellee.*

*Wilkinson & King for defendant, William Thomas Baker, appellant.*

ERVIN, J. This appeal raises the question whether the complaint affirmatively alleges facts showing actionable negligence on the part of the defendant Baker.

When the complaint is stripped of its legal conclusions, it becomes evident that the plaintiff relies upon the following factual averments to establish liability on the part of Baker:

Immediately before the accident Baker was driving his Ford truck southward on his right-hand half of South Church Street, and Bizzell was operating his Pontiac Sedan northward along his right-hand side of the same thoroughfare. Baker turned his Ford truck to the left for the purpose of entering a service station situated on the east side of South Church Street without giving Bizzell, the driver of the approaching Pontiac Sedan, any signal of his intention to make such left turn. At that time the distance between the Ford truck and the Pontiac Sedan was "approximately 300 yards." The Pontiac Sedan traversed the intervening "distance of approximately 300 yards . . . at a speed of approximately 70 miles per hour," and collided with the Ford truck before Baker "could complete his left turn and cause the truck to enter the premises" of the service station. As a result of the collision, the plaintiff was seriously injured.

The Superior Court adjudged the complaint to charge actionable negligence against the defendant Baker on the hypothesis that its factual

averments disclose these two essential elements: (1) That Baker was negligent in the management of the truck in that he undertook to make a left turn without observing the precautions prescribed by G.S. 20-154; and (2) that his negligence in this respect blended with the concurrent negligence of Bizzell and thereby proximately resulted in injury to plaintiff. It is undoubted law that a motorist is negligent if he violates G.S. 20-154, and that his negligence in that particular is actionable if it proximately causes injury to another. *Banks v. Shepard,* 230 N.C. 86, 52 S.E. 2d 215; *Conley v. Pearce-Young-Angel Co.,* 224 N.C. 211, 29 S.E. 2d 740; *Bechtler v. Bracken,* 218 N.C. 515, 11 S.E. 2d 721; *Templeton v. Kelley,* 216 N.C. 487, 5 S.E. 2d 555; *Holland v. Strader,* 216 N.C. 436, 5 S.E. 2d 311; *Newbern v. Leary,* 215 N.C. 134, 1 S.E. 2d 384; *Mason v. Johnston,* 215 N.C. 95, 1 S.E. 2d 379; *Smith v. Coach Co.,* 214 N.C. 314, 199 S.E. 90; *Murphy v. Coach Co.,* 200 N.C. 92, 156 S.E. 550.

G.S. 20-154 is in these words:

"(a) The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety, and if any pedestrian may be affected by such movement shall give a clearly audible signal by sounding the horn, and whenever the operation of any other vehicle may be affected by such movement, shall give a signal as required in this section, plainly visible to the driver of such other vehicle, of the intention to make such movement.

"(b) The signal herein required shall be given by means of the hand and arm in the manner herein specified, or by any mechanical or electrical signal device approved by the department, except that when a vehicle is so constructed or loaded as to prevent the hand and arm signal from being visible, both to the front and rear, the signal shall be given by a device of a type which has been approved by the department.

"Whenever the signal is given the driver shall indicate his intention to start, stop, or turn by extending the hand and arm from and beyond the left side of the vehicle as hereinafter set forth.

"Left turn—hand and arm horizontal, forefinger pointing.

"Right turn—hand and arm pointed upward.

"Stop—hand and arm pointed downward.

"All signals to be given from left side of vehicle during last fifty feet traveled."

In construing statutes, courts assume that legislators take note of the realities when they make laws. The General Assembly adopted G.S. 20-154 to regulate the movement of motor vehicles upon the public highways of the State. Its manifest object is to promote and not to obstruct vehicular travel. In the very nature of things, drivers of motor vehicles act on external appearances. These matters being true, the language of

this statute must be accorded a reasonable and realistic interpretation to effect the legislative purpose.

The statutory provision that "the driver of any vehicle upon a highway before . . . turning from a direct line shall first see that such movement can be made in safety" does not mean that a motorist may not make a left turn on a highway unless the circumstances render such turning absolutely free from danger. It is simply designed to impose upon the driver of a motor vehicle, who is about to make a left turn upon a highway, the legal duty to exercise reasonable care under the circumstances in ascertaining that such movement can be made with safety to himself and others before he actually undertakes it. *Jones v. Pritchett,* 232 Ala. 611, 169 So. 224; *Huber v. Scott,* 122 Cal. App. 334, 10 P. 2d 150; *Inouye v. Gilboy Co.,* 115 Cal. App. 25, 300 P. 835; *Duggan v. Byrolly Transp. Co.,* 121 Conn. 372, 185 A. 85; *Enfield v. Butler,* 221 Iowa 615, 264 N.W. 546; *Smith v. Clark,* 187 Va. 181, 46 S.E. 2d 21; *Virginia Electric & Power Co. v. Holland,* 184 Va. 893, 37 S.E. 2d 40.

Moreover, the part of the statute which specifies, in substance, that "whenever the operation of any other vehicle may be affected by such movement," a motorist about to make a left turn on a highway "shall give a signal as required in this section, plainly visible to the driver of such other vehicle, of the intention to make such movement" does not require the driver of a motor vehicle intending to make a left turn upon a highway to signal his purpose to turn in every case.

The duty to give a statutory signal of an intended left turn does not arise in any event unless the operation of some "other vehicle may be affected by such movement." And even then the law does not require infallibility of the motorist. It imposes upon him the duty of giving a statutory signal of his intended left turn only in case the surrounding circumstances afford him reasonable grounds for apprehending that his making the left turn upon the highway might affect the operation of another vehicle. *Stovall v. Ragland,* 211 N.C. 536, 190 S.E. 899; *Cook v. Gillespie,* 259 Ky. 281, 82 S.W. 2d 347; *Morris v. Dame's Ex'r,* 161 Va. 545, 171 S.E. 662.

In considering whether he can turn with safety and whether he should give a statutory signal of his purpose, the driver of a motor vehicle, who undertakes to make a left turn in front of an approaching motorist, has the right to take it for granted in the absence of notice to the contrary that the oncoming motorist will maintain a proper lookout, drive at a lawful speed, and otherwise exercise due care to avoid collision with the turning vehicle. *Gray v. Dierkmann,* 109 F. 2d 382; *Hill v. Union Gas & Electric Co.,* 51 Ohio App. 144, 200 N.E. 199.

This brings us to the task of applying these legal principles to the factual averments of the complaint. When this is done, it appears that

Baker turned his Ford truck to the left when the oncoming Pontiac Sedan was 900 feet away; and that Baker then had every reason to believe that he could complete his left turn and enter the premises of the service station with safety to himself and others, and without affecting in any way the operation of the approaching Pontiac Sedan. This being true, the complaint fails to charge Baker with negligence for it discloses that he did not violate the provisions of G.S. 20-154.

Moreover, the complaint reveals that the sole proximate cause of the plaintiff's injury was the independent negligence of Bizzell.

The judgment overruling the demurrer must be

Reversed.