ADZORADZE WILLIAMS AND WIFE, ODESSA B. WILLIAMS, PLAINTIFFS-APPELLANTS v. LEIGHTON KENDALL HALL AND QUINN WHOLESALE COMPANY, INC., DEFENDANTS-APPELLEES

No. 9012SC206

(Filed 20 November 1990)

**Automobiles and Other Vehicles §§ 518, 577 (NCI4th) — tractor-trailer blocking lane — plaintiff partially blinded by lights — negligence and contributory negligence**

Plaintiffs' evidence was sufficient for the jury on the issue of defendant driver's negligence in this action to recover for injuries received in a collision between plaintiff's pickup and defendants' tractor-trailer where it tended to show that the tractor was stopped in the westbound lane of a two-lane highway at 6:00 A.M. while it was still dark; the trailer extended at a 45 degree angle across the eastbound lane as defendant driver backed it into a parking lot; the headlights of the tractor faced westward on the highway; plaintiff was traveling in the eastbound lane; plaintiff was partially blinded by the headlights of the tractor and did not see any signals to indicate that the tractor-trailer was backing across his lane; when plaintiff reached the side of the tractor, he suddenly realized that he had been blinded by the headlights as to what was behind the tractor; and although plaintiff immediately hit his brakes, his pickup hit the side of the trailer. Furthermore, the evidence did not establish contributory negligence by plaintiff as a matter of law in knowingly driving into a blinded area since plaintiff may have been keeping a proper lookout without realiz-

ing that he was partially blinded only as to the area beyond the tractor-trailer's headlights.

**Am Jur 2d, Automobiles and Highway Traffic §§ 804, 806, 807.**

**Liability or recovery in automobile negligence action as affected by driver's being blinded by lights of motor vehicle. 64 ALR3d 551.**

APPEAL by plaintiffs from a judgment entered by *Judge Gregory A. Weeks* on 12 October 1989 in CUMBERLAND County Superior Court. Heard in the Court of Appeals 20 September 1990.

*A. Maxwell Ruppe for plaintiffs-appellants.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Patricia L. Holland and Susan K. Burkhart, for defendants-appellees.*

LEWIS, Judge.

The issue in this negligence action involving an automobile-tractor-trailer collision is whether the trial court erred in granting the defendants-appellees' motion for a directed verdict at the close of all the evidence.

Reviewing the evidence in the light most favorable to the plaintiffs, as we are bound to do, it is as follows:

On August 31, 1987, one of the defendants, Leighton Hall, an employee of Quinn Wholesale Company, Inc., also a defendant, drove an eighteen-wheeler tractor-trailer westbound on a two-lane highway near Stedman. At approximately 6:00 A.M., while still dark and drizzling rain, Hall reached his destination, a grocery store on the highway adjacent to the eastbound lane. Hall began backing the tractor-trailer into the parking lot of the grocery store. The headlights of Hall's truck faced westward on the highway. The truck's trailer was extended at a 45 degree angle across the eastbound traffic lane as Hall backed into the parking lot. The tractor-trailer had the statutorily required reflectors, lights on the upper and lower portions of the sides of the trailer, and other lights as well. Adzoradze Williams, "plaintiff," contends that he saw no signal lights to indicate the tractor-trailer was turning. Nor did he see "flashers" or "caution lights."

**WILLIAMS v. HALL**

[100 N.C. App. 655 (1990)]

Meanwhile, the plaintiff traveled eastbound on the highway in his pickup truck. As the plaintiff approached the tractor-trailer, he rounded two curves. Going at a speed of approximately thirty to forty-five miles per hour, the plaintiff first saw the tractor-trailer in the left-hand lane after he rounded the first curve, approximately 2,112 feet away. The tractor-trailer appeared to be only in the left-hand lane.

Plaintiff's headlights on his pickup truck were operating properly and usually allowed him to see 200 feet into the distance. Although the lights from the defendant's truck were bright, plaintiff was able to see the buildings on the right and left as he approached the tractor-trailer. He also saw that there were no cars, road signs or bushes between him and the lights of the defendant's truck. Although he was not completely blinded by the headlights of the tractor-trailer, when the plaintiff reached the side of the cab, he suddenly realized that he had been blinded by the headlights as to what was behind the tractor's cab. The plaintiff immediately hit his brakes. His pickup truck hit the side of the tractor-trailer which was extended into the left-hand lane.

The plaintiff has brought this action for damages for injuries sustained in the collision. His wife brought a claim for loss of consortium. The trial judge granted a motion for directed verdict for the defendants at the close of all the evidence.

### Allegations of Defendants' Negligence

First, the basic issue before us is whether there was any evidence of negligence on the part of the defendants to allow the case to go to the jury. Plaintiff has alleged negligence of the defendants in several areas:

1) Lighting

a) by failing to dim the headlights of the tractor-trailer in violation of N.C.G.S. § 20-131(a);

b) by driving without due caution or circumspection by backing the tractor-trailer across the center line in the dark into the eastbound traffic lane as the front of the cab faced the plaintiff without any notice by signaling or by dimming his lights in violation of N.C.G.S. § 20-140(b); and

c) by backing into the eastbound lane without giving a signal to indicate the defendant's intention to make such movement in violation of N.C.G.S. § 20-154(a).

2) Movement

a) by failing to give the driver in the opposite direction at least one half the main travel portion of the roadway as nearly as possible in violation of N.C.G.S. § 20-148; and

b) by turning from a direct line without first seeing that such movement could be made in safety in violation of N.C.G.S. § 20-154(a).

3) Common Law

a) by failing to keep a proper lookout for other vehicles; and

b) by failing to keep his vehicle under proper control.

Plaintiff supported these allegations by testifying that he was partially blinded by the headlights of the tractor-trailer and that he did not see any signals to indicate the tractor-trailer was backing across his lane. Although defendant Hall claims his signal lights were on, the plaintiff's testimony is to the contrary. Also, whether defendant Hall was correct in believing such movement could be made in safety under the circumstances is a factual question. Whether or not Hall knew or should have known that the position of his cab and lights could blind oncoming drivers is, here, a question for the jury. We are mindful of *Cooley v. Baker*, 231 N.C. 533, 58 S.E.2d 115 (1950) (holding that under certain circumstances, defendant had every reason to believe he could complete a left turn safely when the oncoming car was 900 feet away), but find it distinguishable. Therefore, the evidence is sufficient to create an issue of fact for the jury on the issue of the defendants' negligence.

Allegations of Plaintiff's Contributory Negligence

The second basic issue before us is whether the plaintiff was contributorily negligent. The defendants contend that the plaintiff failed to keep a proper lookout and that the fact that he was "blinded" does not allow him to overcome his contributory negligence.

"It is the duty of the driver of a motor vehicle not merely to *look*, but to *keep an outlook*, in the direction of travel; and he is held to the duty of seeing what he ought to have seen."

*Wall v. Bain*, 222 N.C. 375, 379, 23 S.E.2d 330, 333 (1942). When a motorist travels into a completely blinded area for two or three seconds, with the knowledge that his vision has failed him, such behavior will be contributory negligence as a matter of law. *McKinnon v. Howard Motor Lines*, 228 N.C. 132, 136, 44 S.E.2d 735, 737 (1947).

This case is unique in that the plaintiff testified that he was not completely blinded by the oncoming headlights as he approached the tractor-trailer. It appears from his testimony at trial that the plaintiff could see much more than the edge of the road. The plaintiff may have been keeping a proper lookout without realizing that he was partially blinded only as to the area beyond the tractor-trailer's headlights. In such a deceptive visual situation, the plaintiff may not be knowingly driving into a blinded area, for it would appear as though he could see into the distant darkness.

"A directed verdict on the ground of contributory negligence should be granted only when this defense is so clearly established that no other reasonable inference can be drawn from the evidence." *Daughtry v. Turnage*, 295 N.C. 543, 544, 246 S.E.2d 788, 789 (1978). From the evidence presented in this case, there is insufficient evidence to establish that Williams was contributorily negligent as a matter of law.

The trial court erred in directing the verdict against the plaintiff at the close of all the evidence. Plaintiff was entitled to have the evidence considered by the jury.

Reversed—new trial.

Judges WELLS and COZORT concur.