VERN E. COZART v. HARVARD H. HUDSON and H. H. KING, JR.

(Filed 15 January, 1954.)

**1. Trial § 22a—**

On motion to nonsuit, all the evidence, whether introduced by plaintiff or defendant, which tends to support plaintiff's claim will be taken as true and considered in the light most favorable to plaintiff, giving him the benefit of every reasonable inference that can legitimately be drawn therefrom and resolving any contradictions or discrepancies in his favor.

**2. Trial § 22b—**

On motion to nonsuit, defendant's evidence in conflict with that of plaintiff is to be ignored.

**3. Automobiles § 14—**

The driver of a motor vehicle must not follow another vehicle on the highway more closely than is reasonable and prudent, having due regard for the speed of both vehicles, and the traffic upon and the condition of the highway, and negligence in this regard is actionable if it proximately causes injury to the person or property of another. G.S. 20-152 (a).

**4. Automobiles §§ 18h (2), 18h (3)—Evidence held for jury in this action to recover for accident occurring when following vehicle collided with rear of plaintiff's car.**

Plaintiff's evidence tended to show that a large truck had become disabled on the highway and the driver thereof had set out warning flares, that defendant driver, operating a large tractor-trailer which could not be stopped in less than sixty feet at the speed traveled, was following plaintiff's car on the highway at a distance of only some thirty feet, that as plaintiff approached the disabled truck in his lane of travel, the lights of an oncoming car prevented him from turning aside to pass the disabled truck, and that as plaintiff necessarily slackened speed and brought his car to a stop, the tractor-trailer crashed into his rear, causing the damage in suit. The evidence further showed that plaintiff failed to give the hand signal before stopping. *Held:* Defendants' motion to nonsuit was properly denied, both on the issue of negligence and the issue of contributory negligence.

**5. Automobiles §§ 8d, 18b—Omission to perform duty cannot constitute a proximate cause unless its performance would have prevented injury.**

A disabled truck was stopped on the highway with warning flares set out, in the lane of plaintiff's travel, and the lights of an oncoming vehicle, blocking the other lane of travel, were visible as plaintiff approached the scene. Plaintiff slackened his speed and stopped, causing his taillights to blink. *Held:* The plainly visible circumstances gave complete and

timely notice to a vehicle following plaintiff's car that plaintiff would have to stop, and therefore plaintiff's failure to give the statutory hand signal could not constitute a proximate cause of the following vehicle's collision with the rear of plaintiff's car.　G.S. 20-154.

APPEAL by defendants from *Godwin, Special Judge,* and a jury, at June Term, 1953, of DURHAM.

Civil action for damage to plaintiff's automobile which was struck in the rear by a following tractor-trailer combination owned by one defendant and operated by the other when it stopped on the highway to avoid a collision with a disabled truck and an oncoming car occupying the highway ahead.

The accident culminating in this lawsuit occurred about 8:30 p.m. on 23 November, 1951, upon United States Highway 64 in Wake County, and resulted in harm to both of the colliding vehicles.　The tractor-trailer combination was owned by the defendant H. H. King, Jr., and was operated by his employee, the defendant Harvard H. Hudson, on a business mission for him.

The plaintiff Vern E. Cozart sued both defendants for the damage to his automobile under a complaint charging that the damage was occasioned by the actionable negligence of Hudson in the management of the tractor-trailer combination.　The defendants answered, denying actionable negligence on the part of Hudson, alleging contributory negligence on the part of the plaintiff, and pleading counterclaims for the damage to King's tractor-trailer combination and for loss of wages allegedly suffered by Hudson on account of a resultant disablement of the tractor-trailer combination.　The plaintiff replied, denying the validity of the counterclaims.

Both sides offered evidence at the trial.

These issues were submitted to the jury: (1) Was the plaintiff's automobile damaged by the negligence of the defendants, as alleged in the complaint?　(2) Did the plaintiff by his own negligence contribute to his damages, as alleged in the answer?　(3) What amount of damages, if any, is the plaintiff entitled to recover of the defendants?　(4) Were the defendants damaged by the negligence of the plaintiff, as alleged in the defendants' answer and cross action?　(5) What amount of damages, if any, is the defendant Harvard H. Hudson entitled to recover of the plaintiff?　(6) What amount of damages, if any, is the defendant H. H. King, Jr., entitled to recover of the plaintiff?

The jury answered the first issue "yes," the second issue "no," and the third issue "$700.00," and left the fourth, fifth, and sixth issues unanswered.

The trial judge rendered judgment for the plaintiff and against the defendants for the damages specified in the verdict, and the defendants appealed, assigning errors.

*Jack C. Woodall for plaintiff Vern E. Cozart, appellee.*
*J. Grover Lee for defendants Harvard H. Hudson and H. H. King, Jr., appellants.*

ERVIN, J.   The only assignment of error requiring discussion is based on the disallowance of the motion of the defendants to dismiss the plaintiff's action upon compulsory nonsuit after all the evidence on both sides was in.

"In determining the legal sufficiency of testimony to withstand a motion for a compulsory nonsuit after all the evidence on both sides is in, the testimony is interpreted most favorably to plaintiff, and most strongly against defendant.   Thus all facts in evidence, whether introduced by plaintiff or defendant, which make for the plaintiff's claim or tend to support his cause of action are assumed to be true.   *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307.   Furthermore, plaintiff is given the benefit of every inference favorable to him that can be legitimately drawn from such facts.   *Graham v. Gas Co.,* 231 N.C. 680, 58 S.E. 2d 757.   If there are contradictions or discrepancies in the testimony offered by plaintiff, they are resolved in his favor.   *Bailey v. Michael,* 231 N.C. 404, 57 S.E. 2d 372; *Thomas v. Motor Lines,* 230 N.C. 122, 52 S.E. 2d 377.   Any evidence presented by defendant which contradicts that of the plaintiff, or tends to establish a different state of facts is ignored.   *Bundy v. Powell, supra."*   *Register v. Gibbs,* 233 N.C. 456, 64 S.E. 2d 280.

When the testimony at the trial is subjected to these rules, it makes out this case for the plaintiff:

1. United States Highway 64, which connects the Town of Wendell on the east and the City of Raleigh on the west, is a much traveled public highway having two traffic lanes, a northern one for westbound traffic, and a southern one for eastbound traffic.

2. Sometime before 8:30 p.m. on 23 November, 1951, a large motor truck, which was proceeding westward along the highway, became disabled and stalled, blocking the northern traffic lane at a point five miles west of the Town of Wendell.

3. Since he was unable to move his disabled truck from the traveled portion of the highway, the driver put out burning flares to warn approaching motorists of its presence and location in the northern traffic lane.

4. Subsequent to these events, the automobile owned and operated by the plaintiff, which was the forward vehicle, and the tractor-trailer com-

bination owned by the defendant King and operated by the defendant Hudson, which was the following vehicle, traveled westward on the highway at the same moderate speed toward the disabled truck.

5. The tractor-trailer combination and its cargo weighed 50,000 pounds. Although he knew that this great weight rendered it impossible for him to bring the tractor-trailer combination to a stop "in less than 60 feet," the defendant Hudson persisted in following the plaintiff's automobile at a distance of only 30 feet.

6. The burning flares indicating the presence and marking the position of the disabled truck in the northern traffic lane became visible to the drivers of the westbound vehicles when they were 300 feet away. This circumstance was sufficient to notify the defendant Hudson that he should reasonably anticipate that the plaintiff would be compelled to bring his automobile to a sudden stop behind the disabled truck in case his automobile and an eastbound motor vehicle neared the truck at the same time. Despite this, Hudson took no steps to lengthen the space between the tractor-trailer combination and the plaintiff's automobile.

7. On his arrival at a point 150 feet from the disabled truck, the plaintiff applied his brakes and slackened his speed preparatory to stopping his automobile. The plaintiff took this course because the headlights of an approaching motor vehicle moving eastward along the southern traffic lane made it plain to all in view that the plaintiff's automobile and the eastbound motor vehicle would reach the disabled truck at the same time, and that the plaintiff's automobile would collide with either the front of the eastbound motor vehicle or the rear of the disabled truck unless it was stopped on the northern traffic lane behind the disabled truck.

8. The plaintiff did not give a hand signal conforming to the statute embodied in G.S. 20-154 to notify the defendant Hudson of his intention to stop his automobile.

9. The defendant Hudson was confronted, however, by clearly visible circumstances, such as the plaintiff's blinking taillights, the plaintiff's decreasing speed, the blockage of the northern traffic lane by the disabled truck, and the headlights of the motor vehicle moving eastward along the southern traffic lane, which gave him complete notice that he should reasonably anticipate that the plaintiff was actually and necessarily bringing his automobile to a stop on the northern traffic lane behind the disabled truck, and that for this reason it was obligatory for him to increase the distance between the tractor-trailer combination in his charge and the plaintiff's slowing automobile while space and time still permitted if he was to be able to avoid striking the plaintiff's automobile after that vehicle had been brought to the impending and necessary stop.

10. Instead of pursuing the course of action indicated as essential by the surrounding circumstances, the defendant Hudson drove the tractor-

trailer combination along the highway in the wake of the plaintiff's slowing automobile at virtually unabated speed, and in that way constantly narrowed the already meagre space between the two vehicles. As the inevitable consequence of this conduct of the defendant Hudson, the tractor-trailer combination struck the rear of the plaintiff's automobile and substantially damaged that vehicle immediately after it had been brought to a stop in the northern traffic lane just behind the disabled truck.

The statute codified as G.S. 20-152 (a) provides, in substance, that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of both vehicles, the traffic upon the highway, and the condition of the highway. The driver of a motor vehicle is negligent if he violates this statutory requirement, and his negligence in that particular is actionable if it proximately causes injury to the person or property of another. *Tarrant v. Bottling Co.*, 221 N.C. 390, 20 S.E. 2d 565; *Murray v. R. R.*, 218 N.C. 392, 11 S.E. 2d 326; Blashfield: Cyclopedia of Automobile Law and Practice (Perm. Ed), Section 942; Michie: The Law of Automobiles in North Carolina (3rd Ed.), Section 86; 60 C.J.S., Motor Vehicles, Section 323.

The evidence at the trial suffices to show that the defendant Hudson was negligent in that he violated this statutory requirement. It suffices to show, moreover, that his negligence in this respect was the sole proximate cause of the collision and the resultant damage to the plaintiff's automobile. This being so, the evidence at the trial is ample to withstand the motion for a compulsory nonsuit, regardless of whether the motion is predicated on the assumption that the evidence is insufficient to establish actionable negligence on the part of the defendant Hudson, or the postulate that the evidence compels the single conclusion that the plaintiff was contributorily negligent as a matter of law. *Maddox v. Brown*, 232 N.C. 542, 61 S.E. 2d 613; *Tarrant v. Bottling Co., supra; Hobbs v. Mann*, 199 N.C. 532, 155 S.E. 163.

To be sure, the evidence discloses that the plaintiff failed to give a hand signal conforming to the statute embodied in G.S. 20-154 to notify the defendant Hudson of his purpose to stop his automobile. This fact does not impair in any degree the validity of the conclusion that the evidence is sufficient to withstand the motion for a compulsory nonsuit. When it is taken in the light most favorable to the plaintiff, the evidence shows that the defendant Hudson was given complete and timely notice by the plainly visible circumstances surrounding him that the plaintiff was actually bringing his automobile to a stop; and that notwithstanding complete and timely notice of that fact, the defendant Hudson did nothing whatever to avert a collision between the tractor-trailer combination in

his charge and the plaintiff's automobile. This being so, the evidence warrants the inference that there was no causal connection whatever between the failure of the plaintiff to give a hand signal and the subsequent collision. The omission to perform a duty cannot constitute one of the proximate causes of an accident unless the doing of the omitted duty would have prevented the accident. 38 Am. Jur., Negligence, Section 54; 65 C.J.S., Negligence, Section 106.

Careful consideration of the other assignments discloses no error in any matter of law or legal inference.

No error.