CHARLES LAYTON WHITE v. THOMAS HENRY LACEY.

(Filed 11 January, 1957.)

**1. Appeal and Error § 51—**

   When defendant introduces evidence, the review of refusal to nonsuit relates to all the evidence favorable to plaintiff.

**2. Negligence § 17—**

   Defendant has the burden of proof on the issue of contributory negligence.

**3. Automobiles § 11—**

   A motorist, until he sees or should see to the contrary, has the right to assume that another vehicle will not approach him along the highway at nighttime without lights. G.S. 20-129.

**4. Automobiles § 8—**

   The statutory requirement that a driver, before turning, shall first ascertain that such movement can be made in safety does not preclude a left turn unless the circumstances render such movement absolutely free from danger, but merely imposes upon the driver the legal duty to exercise reasonable care under the circumstances in ascertaining that such movement can be made in safety to himself and others, without requiring

him to anticipate the violation of statutory duty on the part of other motorists.

**5. Automobiles § 42h—Whether negligence in turning left without passing beyond center of intersection was proximate cause of collision held for jury.**

The evidence tended to show that plaintiff, traveling north, stopped at an intersection, gave the left-turn signal, waited until a car with lights, traveling south, had cleared the intersection, then turned left and collided with defendant's car, which was traveling south without lights immediately behind the car with lights. The evidence tended to show that the collision occurred somewhat to the south and west of the intersection, but that plaintiff's left turn was entirely within the intersection. *Held:* Even though the evidence tends to show that plaintiff failed to pass beyond the center of the intersection in making the left turn, G.S. 20-153(a), and failed to see defendant's car, G.S. 20-154, the evidence does not warrant nonsuit on the issue of contributory negligence as a matter of law, since whether such negligence was a proximate or contributing cause of the collision was for the determination of the jury under the rule of reasonable prevision.

**6. Negligence § 9—**

Reasonable foreseeability is an essential element of proximate cause.

**7. Trial § 22c—**

Discrepancies and contradictions, even in plaintiff's evidence, are to be resolved by the jury and not the court.

**8. Appeal and Error § 35—**

Where the charge of the trial judge is not in the record, it will be presumed that the jury was instructed correctly on every principle of law applicable to the facts.

JOHNSON, J., not sitting.

APPEAL by defendant from *Hall, J.,* March Term, 1956, of CHATHAM.

Civil action growing out of automobile collision that occurred on 30 December, 1953, at night, at the intersection of Second Avenue (Highway 421) and Fifth Street in Siler City, North Carolina, between a 1941 Mercury, owned and operated by plaintiff, and a 1949 Ford, owned and operated by defendant. Each alleged that the collision was caused by the negligence of the other.

Plaintiff's action was to recover damages for personal injuries and for the damage to his car. Defendant, by answer, alleged that he was entitled to recover $300.00 from plaintiff for damages to his car.

The issues submitted, without objection, related (1) to the alleged negligence of defendant, (2) to the alleged contributory negligence of plaintiff, and (3) to the alleged damages to plaintiff. No issue was tendered or submitted bearing on defendant's alleged right to recover from plaintiff.

The jury answered all issues in favor of plaintiff, awarding damages of $100.00 for personal injuries and of $250.00 for the damage to plaintiff's car. From judgment in favor of plaintiff, in accordance with the verdict, defendant appealed.

Since defendant's only exceptions and assignments of error are to the denial of his motions for judgment of nonsuit, the pertinent evidence will be narrated in the opinion.

*T. F. Baldwin for plaintiff, appellee.*

*H. F. Seawell, Jr., for defendant, appellant.*

Bobbitt, J. Defendant offered evidence. Hence, the only motion for judgment of nonsuit to be considered is that made at the close of all the evidence. *Murray v. Wyatt, ante,* 123.

It is quite clear that the evidence was sufficient to support a finding that defendant's negligence proximately caused the collision. Defendant, in his brief, makes no contention that the evidence was insufficient to support the verdict as to the negligence issue.

Defendant's appeal rests solely on his contention that the undisputed evidence, taken in the light most favorable to plaintiff, established plaintiff's contributory negligence so clearly that no other reasonable inference or conclusion could be drawn therefrom. *Dennis v. Albemarle,* 243 N.C. 221, 90 S.E. 2d 532. In last analysis, decision turns on the distinctive circumstances of this case. *Weavil v. Myers,* 243 N.C. 386, 391, 90 S.E. 2d 733.

The collision occurred between 7:30 and 8 p.m. It was "a very dark night,"—"misty raining and foggy." An officer, who investigated the collision, testified: "This is a bad intersection and you have to be careful in approaching it." He didn't explain what made it a bad intersection. Another witness testified that there was "a rise up the road, just in front of the place this happened"; but his testimony along this line is not sufficiently clear to indicate the significance, if any, of this "rise" in the road.

Defendant was driving south on his right side of Second Avenue. While denied by defendant, there was plenary evidence that he "didn't have any lights." His speed, according to various estimates, was between 25 and 35 miles per hour.

Plaintiff was driving north on his right side of Second Avenue. He brought his car to a complete stop when he reached the Fifth Street intersection. He waited there with his "left hand out for a left turn." Three cars headed north stopped behind him, waiting for him to make his left turn.

Specifically, plaintiff was waiting for a car traveling south to pass. He observed the lights on this approaching car. After this car passed,

plaintiff cut to his left, and was "partly up over the line when I got hit on my front end, one wheel was over the line; all that was hit on my car was one wheel." The driver of one of the cars behind plaintiff testified that plaintiff "moved a car-length" right after the southbound car passed.

The officer testified that the collision occurred "right about the center of the intersection," to the south and to the west thereof. When he arrived, so he testified, he observed that defendant's car was wholly on the right side, going south; and that the right wheel of plaintiff's car was very near the center (white) line at a 45-degree angle and inter-locked with defendant's car.

There was evidence that defendant, without lights, was driving "pretty close behind" a car that had lights. Defendant testified that the cars "must have been within five feet of each other" when plaintiff turned left in front of him.

On cross-examination, plaintiff testified that he had good lights on his car and "could see up the road 100 yards with my lights." However, there was evidence that, when the car with lights, traveling south, approached the intersection, plaintiff's lights were on dim and, on account of the mist and fog, "did not shine up the road very far at this time," and that you "could not see but about 30 feet." The record is silent as to whether the lights of the car traveling south were bright or dim.

Plaintiff and the two occupants of his car testified that they did not see defendant's car because it had no lights on it. The said driver, who was behind plaintiff, did not see defendant's car before the collision. Moreover, defendant testified that he did not see plaintiff's car, stopped and waiting to make a left turn, until he actually made the left turn.

The evidence stated was sufficient to support a finding that defendant was driving without lights, close behind another car that had lights, bright or dim; and that visibility was bad at this "bad intersection."

While no reference is made in defendant's answer to any specific statutory provision, the gist of his allegations as to the negligence of plaintiff is that he "cut the corner" and "failed to observe the traffic on said road." These allegations and the evidence in support thereof called for consideration of G.S. 20-153(a) and G.S. 20-154.

It is well to bear in mind that the defendant had the burden of proof on the contributory negligence issue. *Murray v. Wyatt, supra.* Also, it should be noted that until plaintiff saw, or by the exercise of due care should have seen, the approach of defendant's car, he was entitled to assume and to act upon the assumption that no motorist would be traveling south on Second Avenue without lights in violation of G.S. 20-129 *et seq. Weavil v. Myers, supra.*

In considering G.S. 20-153(a), it is noted that there was no evidence as to the width of Second Avenue or of Fifth Street or as to whether one was wider than the other. True, the officer's testimony, quoted above, tended to show that the collision occurred about the center of the intersection but somewhat to the south and west thereof. Plaintiff testified: "I did not cut across the inside corner to make the turn." In either event, the "car-length" movement of plaintiff was entirely within the intersection; and we think the inference may be fairly drawn that, if plaintiff's conduct may be considered a violation of G.S. 20-153(a), such violation did not proximately cause or contribute to the collision.

The gravamen of defendant's position, and the only basis therefor argued in his brief, is that plaintiff violated G.S. 20-154 and in so doing was guilty of contributory negligence as a matter of law. The evidence is positive that plaintiff stopped and gave the signal for a left turn. The crucial question is whether, under the circumstances disclosed by the evidence, plaintiff was contributorily negligent as a matter of law in driving a car's length to his left.

The applicable principle is well stated by *Ervin, J.,* in *Cooley v. Baker,* 231 N.C. 533, 58 S.E. 2d 115, in these words: "The statutory provision that 'the driver of any vehicle upon a highway before . . . turning from a direct line shall first see that such movement can be made in safety' does not mean that a motorist may not make a left turn on a highway unless the circumstances render such turning absolutely free from danger. It is simply designed to impose upon the driver of a motor vehicle, who is about to make a left turn upon a highway, the legal duty to exercise reasonable care under the circumstances in ascertaining that such movement can be made with safety to himself and others before he actually undertakes it. (Citations omitted.)"

Under the distinctive circumstances of this case, when plaintiff is given the benefit of every inference favorable to him that can be legitimately drawn from the evidence, it was for the jury to say whether plaintiff failed to exercise due care before making his left turn and in doing so violated G.S. 20-154.

If plaintiff violated G.S. 20-153(a) or G.S. 20-154, and was guilty of (contributory) negligence *per se,* it was for the jury to say whether such negligence proximately caused or contributed to plaintiff's injuries and damage, bearing in mind that reasonable foreseeability is an essential element of proximate cause. *Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331.

Certainly, there was evidence upon which the jury could have answered the contributory negligence issue in favor of defendant; but the jurors, who saw and heard the witnesses, saw fit to resolve the inferences in favor of plaintiff.

Discrepancies and contradictions in the evidence, even though such occur in the evidence offered in behalf of plaintiff, are to be resolved by the jury, not by the court. *Cozart v. Hudson,* 239 N.C. 279, 78 S.E. 2d 881.

The charge of the trial judge was not included in the record on appeal. Hence, it is presumed that the jury was instructed correctly on every principle of law applicable to the facts. *Hatcher v. Clayton,* 242 N.C. 450, 88 S.E. 2d 104.

We find no error in the submission of the issues to the jury.

No error.

JOHNSON, J., not sitting.