ROGER E. LEMONS, BY AND THROUGH HIS NEXT FRIEND, EUGENE RUFFIN LEMONS v. GEORGE E. VAUGHN
AND
GEORGE E. VAUGHN, SR., v. EUGENE RUFFIN LEMONS.

(Filed 16 June, 1961.)

**1. Automobiles § 8—**

The statutory requirement that a motorist shall not turn left across a traffic lane of a highway without first seeing that such movement can be made in safety imposes the legal duty on him to exercise resonable care under the circumstances in ascertaining that such movement can be made in safety, acting upon the assumption that the drivers of other vehicles will observe the safety statutes, and the law does not require him to refrain from making such movement unless the circumstances render it absolutely free from danger.

**2. Auomobiles § 41—**

Evidence favorable to defendant tending to show that defendant, travelling north along a highway, attempted to make a left turn to enter the driveway on the west side of the highway, that he saw plaintiff's vehicle approaching from the north some 250 feet away, that he thought he had sufficient time to make the movement in safety, together with evidence permitting the inference that plaintiff was travelling at an unlawful rate of speed, *is held* sufficient upon defendant's counterclaim to be submitted to the jury on the issue of plaintiff's negligence, and nonsuit on the counterclaim is error.

APPEAL by George E. Vaughn, Sr., from *Olive, J.,* November, 1960 Civil Term, ROCKINGHAM Superior Court.

These civil actions for personal injury and property damage grew out of a collision between a 1955 Ford automobile owned by Eugene

Ruffin Lemons and driven by his minor son, Roger E. Lemons, and a 1954 Chevrolet automobile owned and driven by George E. Vaughn, Sr. The collision occurred about 6:15 p.m. on Highway No. 87 four miles north of Reidsville. One action was brought on behalf of Roger E. Lemons by his Next Friend against George E. Vaughn, in which Vaughn filed a counterclaim, and another by Vaughn against Eugene Ruffin Lemons. By consent the actions were consolidated and tried together.

The accident occurred as Vaughn, driving north on Highway 87, attempted to turn left, cross the lane for south-bound traffic and enter the driveway leading to his home. Before Vaughn completed his intended movement and cleared the west lane his vehicle and the Ford driven south by Roger E. Lemons collided. In general, Vaughn claimed the accident resulted from Lemons' excessive speed, his failure to keep a proper lookout, and to observe and heed Vaughn's mechanical turn signal given when Lemons was at least 250 feet away. Lemons claimed he was in his proper lane of traffic, driving at a lawful rate of speed, and that Vaughn, without notice, cut across, into, and blocked his lane of traffic without giving him time to stop or otherwise avoid the accident.

The plaintiff, Roger E. Lemons, testified: "As I approached Mr. Vaughn's driveway, he cut right across the road in front of me. I would say I was somewhere around 100 feet from his driveway when he cut in front of me. I then slammed on my brakes and I cut my car to the right. He just kept on coming across the road . . . I was driving between 45 and 55 miles per hour."

The highway patrolman who investigated the accident testified as a witness for Vaughn: "That highway is 24 feet wide, including 2-foot addition. When I speak of debris being at the edge of the road, it would be at the 2-foot addition to the highway." The skidmarks extended 90 feet north from the point of impact. Some of the skidmarks were on the additional two feet. Mr. Vaughn's car was 43 feet south of the debris in the direction Lemons was traveling. "The Vaughn car had been struck sort of to the right front . . . I went to the hospital and talked to Roger Lemons. Lemons was a little confused at the hospital . . . He said he didn't remember too much about what happened. I asked him how fast he was going and he said he thought he was running around 55 or 60 — didn't think he was running over 60 . . . I saw Lemons at his home after that night at the hospital, and he said just about the same things that he told me at the hospital."

The appellant testified that he gave a mechanical turn signal, saw the Lemons vehicle 250 feet away. "I figured he was driving at a reasonable rate of speed and I had plenty of time. After I started

making my turn, I again observed the Lemons car. It was probably 125 feet away . . . At that time I had got a little past the center of the road, and as to the speed of the Lemons car, it was fast — I couldn't say what speed, but it was plenty fast."

The accident occurred about 6:15 p.m. on March 11, 1960. Vaughn's turn signal and his parking lights were on. Lemons was driving without lights. The hard surface of the highway was free of snow and ice but there was snow on the shoulders.

At the close of all the evidence, Vaughn's counterclaim against Roger E. Lemons and his claim against Eugene Ruffin Lemons were dismissed "as of involuntary nonsuit." The jury found (1) that Roger E. Lemons was injured and the property of Eugene Ruffin Lemons was damaged by the negligence of George E. Vaughn; (2) that Roger E. Lemons and Eugene Ruffin Lemons were not guilty of contributory negligence; (3) that Roger E. Lemons was entitled to recover $4,000 for personal injury and Eugene Ruffin Lemons was entitled to recover $800 for property damage. From the judgment on the verdict, George E. Vaughn appealed.

*Brown, Scurry, McMichael & Griffin, for George E. Vaughn, appellant.*

*Price & Osborne, Smith, Moore, Smith, Schell & Hunter, James M. Farris for Roger E. Lemons and Eugene Ruffin Lemons, appellees.*

HIGGINS, J. The pleadings raise issues whether the accident and injury were caused by (1) the sole negligence of Vaughn, (2) the sole negligence of Roger E. Lemons, (3) the concurrent negligence of both. By dismissing Vaughn's claim and counterclaim the court held the evidence insufficient to go to the jury on (2). The effect of the court's ruling was that, in no event, could Vaughn recover. Of course, if the evidence was insufficient on (2) the ruling was correct. If sufficient, however, the error brought Lemons home free on (2) and half way home on (3).

Vaughn admitted making a left turn when the movement, as disclosed by events, was unsafe. The accident resulted. Was it the fault of Vaughn, or of Roger E. Lemons, or both? The time was 6:15 p.m. on March 11. In the twilight Vaughn saw meeting him a vehicle without lights. At the time he began his left turn across the west lane, (width 12 feet) the approaching vehicle was 250 feet away. In the absence of notice to the contrary, he had the right to assume and to act on the assumption the driver would obey the speed laws, keep a proper lookout, and have his vehicle under proper control. Under the circumstances was Vaughn justified in attempting the crossover? If

not, he was negligent. If, under the circumstances the cause of the accident was not his but was due to the failure of Lemons to obey the speed laws, keep the lookout, and control his vehicle, then Lemons was negligent. Each driver had the right to assume the other would adhere to the safety laws. This assumption continued until a driver had notice to the contrary. As was said by *Justice Ervin* in *Cooley v. Baker,* 231 N.C. 533, 58 S.E. 2d 115: "Its manifest object is to promote and not to obstruct vehicular travel. In the very nature of things, drivers of motor vehicles act on external appearances. . . . The statutory provision 'that the driver of any vehicle upon the highway before . . . turning from a direct line shall first see that such movement can be made in safety' does not mean that a motorist may not make a left turn on a highway unless the circumstances render such turning absolutely free from danger. It is simply designed to impose upon the driver of a motor vehicle, who is about to make a left turn . . . the legal duty to exercise reasonable care under the circumstances in ascertaining that such movement can be made in safety to himself and others before he actually undertakes it." (citing authorities)

The evidence permits the inference that Roger E. Lemons was driving at a high rate of speed. He and two other boys were "headed for town." He admitted three convictions of speeding — two for driving 65 miles in a 55-mile zone, and one for driving 45 miles in a 35-mile zone. His admission to the officer that he didn't think he was driving over 60, in connection with the physical evidence — 90-foot skidmarks before the impact which knocked Vaughn's vehicle 40 feet down the road, permitted an inference of unlawful speed. We are considering permissible inferences only. What the evidence actually proves is for the jury.

Because of the distance separating the two vehicles when Vaughn began his intended left turn—250 feet—this case falls into a middle ground somewhere between *Cooley v. Baker, supra,* and *Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331. In the *Cooley* case, the court held as a matter of law that Baker was free of negligent responsibility for the collision because of the distance — 300 yards — separating the vehicles at the time he attempted to make the left turn. On the other hand, in the *Aldridge* case Burns was held negligent as a matter of law because he attempted to make a left turn when Hasty was only 20 to 25 feet away.

In this case it cannot be held as a matter of law that either driver was or was not guilty of negligence. This case presents issues of fact for jury determination. The judgments dismissing Vaughn's claim and counterclaim are reversed. The judgments in favor of Roger E. Lem-

ons and Eugene Ruffin Lemons are set aside. A new trial is ordered on all issues raised by the pleadings.

Reversed in part.

New trial in part.