MATTIE LEE KIDD v. CHESTLY (NONE) BURTON.

(Filed 20 January, 1967.)

1. **Automobiles § 41f—**

   Plaintiff's evidence to the effect that her car was being driven at a speed of about 10 miles per hour, that the driver gave the signal for a right turn for some 125 feet before attempting to make a right turn into a driveway, and that defendant, operating a following automobile, struck

the right side and rear of plaintiff's car, *held* sufficient to be submitted to the jury on the issue of defendant's negligence.

**2. Trial § 26—**

Allegations that defendant drove his automobile into the right side and rear of plaintiff's vehicle, with evidence that defendant struck plaintiff's vehicle as plaintiff's vehicle was making a right turn from the highway into a private driveway, that plaintiff's vehicle was damaged on its right side and rear and that defendant's vehicle was damaged on the left side and front, *held* not to disclose material variance between allegation and proof, since plaintiff's allegation, liberally construed, cannot be restricted to allegation that defendant's car was driven directly against the rear of plaintiff's car.

**3. Automobiles § 10—**

A motorist is not precluded from making a turn unless such movement is absolutely free from danger, and whether a motorist making a right turn from a highway into a private driveway could reasonably assume he could make such movement in safety, after having given proper signal of his intention to turn, is ordinarily a question for the jury in an action involving collision between the turning vehicle and a following car.

**4. Automobiles § 42h— Evidence held not to disclose contributory negligence as matter of law in turning right into driveway.**

Plaintiff's evidence to the effect that the driver of her car made a right turn from the highway into a private driveway and that her vehicle was struck by defendant's following car, without evidence that the driver of her car failed to make such turn from the righthand side of the highway, G.S. 20-153, and that the driver of her car looked to his rear and gave the statutory signal before making the turn, *is held* not to disclose contributory negligence as a matter of law on the part of plaintiff's driver, plaintiff's driver not having crossed the line of travel of a vehicle either meeting or overtaking him, and whether he could reasonably assume he could make the turn in safety being a question for the jury under the circumstances disclosed by plaintiff's evidence.

APPEAL by plaintiff from *Braswell, J.,* February 14, 1966 Civil Session of PERSON.

Tort action to recover for damage ($750.00) to property resulting from a collision of automobiles.

On July 5, 1965, at approximately 12:30 p.m., a Ford Mustang owned by plaintiff and operated by her son, Barry Kidd, and an Oldsmobile, owned and operated by defendant, were proceeding in a northerly direction along Rural Paved Road No. 1721 (Moriah Road). A private driveway extended east from said road to plaintiff's home. West of said road, across from said private driveway, was a service station operated by Barry's father.

Plaintiff alleged in substance, except when quoted, the following: Barry "gave a signal indicating his intention of making a right-hand turn into said private driveway." Defendant drove his car "into the right rear and right side" of plaintiff's car. The colli-

sion and damage to plaintiff's car were caused solely by the negligence of defendant in that defendant: Did not keep a proper lookout; drove recklessly; followed plaintiff's car too closely; failed to keep his car under proper control; operated his car while under the influence of intoxicating liquor; and failed "to regard the right-hand turn signal of the plaintiff's agent."

Defendant, in his answer proper, denied all allegations as to his negligence. For a further answer and defense, defendant alleged in substance, except when quoted, the following: As defendant approached the location of said service station and private driveway, Barry, traveling in his left lane, passed defendant's car and was headed toward the entrance to said service station; and that Barry, "without giving a turn signal of any description, pulled his car from the left lane of travel into an abrupt right-hand turn toward the entrance to his home and, in so doing, abruptly placed his vehicle directly across the lane of travel being followed by the defendant who had neither time nor opportunity to avoid colliding with the plaintiff's vehicle." Defendant alleged Barry was negligent in that he failed to exercise due care and caution; failed to keep a proper lookout; attempted to make a right-hand turn in front of following traffic without signaling his intention to do so and without ascertaining that he could do so in safety; and attempted to make a right-hand turn from his left-hand lane of travel. Defendant alleged such negligence of Barry, as agent of plaintiff, was the sole proximate cause, or at least a contributing proximate cause, of the collision and resulting damage.

At the conclusion of plaintiff's evidence, the only evidence, the court, allowing defendant's motion therefor, entered judgment of nonsuit. Plaintiff excepted and appealed.

*Ramsey & Long for plaintiff appellant.*
*Charles B. Wood for defendant appellee.*

BOBBITT, J. The only question presented is whether the court erred in granting defendant's motion for judgment of nonsuit.

The rules for testing the sufficiency of the evidence to withstand a motion for nonsuit need not be repeated. Reference is made to *Lewis v. Barnhill,* 267 N.C. 457, 461, 148 S.E. 2d 536, 540, and cases cited.

Barry's testimony tended to show the Ford was struck by defendant's car in the manner stated below when, at a speed of about ten miles per hour, Barry was beginning to make a right turn into said private driveway and that, for a distance of 125 feet, he had given a signal of his intention to make such right turn. There was

no *evidence,* as distinguished from *defendant's allegations,* to the contrary. There was ample evidence to support a finding as to defendant's actionable negligence.

Defendant contends nonsuit was proper on either of two grounds, namely, (1) that there is a fatal variance between plaintiff's allegations and proof, and (2) that plaintiff's evidence discloses that Barry, plaintiff's agent, was contributorily negligent as a matter of law.

Defendant contends the evidence is at variance with plaintiff's allegation that defendant "drove his automobile into the right rear and right side" of plaintiff's Ford. There was evidence tending to show the Ford "was damaged on the right side and to the rear" and that the Oldsmobile "was damaged to the left side and to the front"; that the Oldsmobile knocked the Ford "slantwise"; that the Oldsmobile, passing to the right of the Ford, crossed the entrance to the private driveway and stopped some 10-20 feet north of said driveway, partly in the ditch on the east side of said road; and that the Ford, after the collision, was in the road, wholly or partially in the lane for northbound traffic, in front of the entrance to said private driveway.

Plaintiff's allegation must "be liberally construed with a view to substantial justice between the parties." G.S. 1-151. Moreover, variance, if any, between plaintiff's allegation and proof cannot "be deemed material, unless it has actually misled defendant to his prejudice." G.S. 1-168. It would be unreasonably restrictive to interpret plaintiff's allegation as an allegation that the front of defendant's car was driven directly against the rear of plaintiff's Ford. Suffice to say, we perceive no material variance between plaintiff's allegation and her proof. In this connection, see *Dennis v. Albemarle,* 242 N.C. 263, 269-270, 87 S.E. 2d 561, 567; *Wilson v. Bright,* 255 N.C. 329, 121 S.E. 2d 601; 4 Strong, N.C. Index, Trial § 26.

With reference to the alleged (contributory) negligence of Barry: Barry testified that, looking south from the entrance to said private driveway, one could see a car for a distance of 300 feet; that, when he was 125 feet south of the private driveway and began to signal for his right-hand turn, he looked back and saw that no car was approaching from the rear; that defendant came up behind him; and that, when he (Barry) was "a car length from the driveway," he saw defendant's car, the right side of which was "on the shoulder."

Defendant contends Barry, in attempting to make a right-hand turn, failed to approach the intersection of said road and said private driveway "in the lane for traffic nearest to the right-hand side of the highway," and in so doing violated G.S. 20-153. The *evi-*

*dence,* as distinguished from *defendant's allegations,* is insufficient to constitute a basis for this contention.

Defendant contends Barry was contributorily negligent in that, in violation of G.S. 20-154, he attempted to make a right-hand turn from a direct line without first seeing that such movement could be made in safety. Barry, in making such right-hand turn, was not crossing the line of travel of a vehicle that was either meeting or overtaking him. It was for the jury to determine whether he should have reasonably anticipated that the operation of any other vehicle might be affected by such movement. In *Cowan v. Transfer Co.* and *Carr v. Transfer Co.,* 262 N.C. 550, 138 S.E. 2d 228, Moore, J., speaking for the Court, said: "Whether, under such circumstances, he could reasonably assume that he could make the movement in safety is a question for the jury. A motorist is not required to ascertain that a turning motion is absolutely free from danger. *Lemons v. Vaughn,* 255 N.C. 186, 120 S.E. 2d 527; *White v. Lacey,* 245 N.C. 364, 96 S.E. 2d 1." In *Cowan-Carr,* it was contended that Carr, operating Cowan's truck, made a *left turn* across the path of defendants' overtaking tractor-trailer without first ascertaining that such movement could be made in safety. Here (as in *Cowan-Carr*) the evidence, when considered in the light most favorable to plaintiff, does not establish contributory negligence as a matter of law.

It is unnecessary to review the evidence in greater detail. Suffice to say, the conclusion reached is that the evidence was sufficient to require submission to the jury on the issues raised by the pleadings. According to defendant's allegations, plaintiff's car was operated by Barry in a manner entirely different from that described in plaintiff's evidence. Defendant will have opportunity to offer evidence to support these allegations. The judgment of nonsuit is reversed.

Reversed.