HARVEY DANIEL HALES v. WILLIE L. FLOWERS
No. 695DC495

(Filed 17 December 1969)

**1. Negligence § 35— nonsuit for contributory negligence**

A motion for nonsuit may not be allowed on the ground of contributory negligence unless the plaintiff's own evidence establishes such negligence so clearly that no other conclusion can be reasonably drawn therefrom.

**2. Automobiles § 80— left turn — collision — contributory negligence**

Plaintiff's evidence *held* not to disclose contributory negligence as a matter of law by his wife in making a left turn into a driveway and colliding with defendant's overtaking automobile. G.S. 20-154.

APPEAL by plaintiff from *Burnett, District Judge,* at the 7 July 1969 Session of NEW HANOVER District Court.

This is a civil action in which plaintiff seeks to recover for damage to his 1959 Ford sustained in a collision with defendant's 1958 Ford. Defendant filed answer denying negligence on his part and pleading contributory negligence on the part of plaintiff's wife (Mrs. Hales) who was operating plaintiff's car at the time of the collision.

Plaintiff's evidence tended to show: On 9 May 1968, around 4:25 p.m., Mrs. Hales entered U.S. Highway 421 from the west approximately one mile north of Wilmington and proceeded north on

said highway. Her destination was her aunt's home, situate on the west side of U.S. 421 approximately one mile north of the point where Mrs. Hales entered the highway. The weather was clear and the highway was straight, level and dry. When Mrs. Hales was approximately 200 or 300 feet south of her aunt's driveway, she turned on her left turn signals. When she arrived at her aunt's home, she proceeded to turn left into the private driveway but was struck in the west or left lane by defendant's car which was also proceeding north on Highway 421 and was in the act of passing Mrs. Hales when the collision occurred. Certain other pertinent facts are set forth in the opinion.

At the conclusion of plaintiff's evidence, defendant's motion for nonsuit was allowed and from judgment predicated thereon, plaintiff appealed.

*W. G. Smith and Jerry L. Spivey for plaintiff appellant.*

*John F. Crossley for defendant appellee.*

BRITT, J.

The sole question presented by this appeal is: Did the trial court err in allowing defendant's motion for judgment of nonsuit on the ground that the operator of plaintiff's automobile was contributorily negligent as a matter of law? We answer in the affirmative.

[1] It is well established in this jurisdiction that a motion for nonsuit may not be allowed on the ground of contributory negligence unless the plaintiff's own evidence establishes such negligence so clearly that no other conclusion can reasonably be drawn therefrom. *Lewis v. Barnhill,* 267 N.C. 457, 148 S.E. 2d 536, and cases therein cited.

[2] Mrs. Hales testified that she was traveling 40 to 45 mph when she approached the driveway to her aunt's home, that she turned on her left turn signal when she was some 200 or 300 feet from the driveway, that she was some 400 or 500 feet from the driveway when she saw a car (presumably defendant's) in her rear-view mirror approximately 500 or 600 feet behind her, that she looked in her rear-view mirror again as she reached the driveway and seeing no car approaching in either direction she proceeded to turn left into her aunt's driveway.

Defendant contends that Mrs. Hales' own testimony established as a matter of law that she failed to keep a proper lookout and that she violated G.S. 20-154 by "turning from a direct line without seeing that such movement could be made in safety."

In *Cooley v. Baker*, 231 N.C. 533, 58 S.E. 2d 115, in an opinion by Ervin, J., it is said:

"The statutory provision that 'the driver of any vehicle upon a highway before . . . turning from a direct line shall first see that such movement can be made in safety' does not mean that a motorist may not make a left turn on a highway unless the circumstances render such turning absolutely free from danger. It is simply designed to impose upon the driver of a motor vehicle, who is about to make a left turn upon a highway, the legal duty to exercise reasonable care under the circumstances in ascertaining that such movement can be made with safety to himself and others before he actually undertakes it. [Numerous citations]"

In *Cowan v. Transfer Co. and Carr v. Transfer Co.*, 262 N.C. 550, 138 S.E. 2d 228, it is said:

"Nonsuit may not be granted on the ground of contributory negligence unless plaintiff's own evidence establishes this defense as the sole reasonable conclusion. In our opinion it is debatable whether Carr's failure to look again constitutes a violation of G.S. 20-154(a) as a matter of law on this record. He testified in effect that he looked when he was ready to begin his turning movement and observed that the tractor-trailer was then at least 300 feet to the rear. Whether, under such circumstances, he could reasonably assume that he could make the movement in safety is a question for the jury. A motorist is not required to ascertain that a turning motion is absolutely free from danger. *Lemons v. Vaughn*, 255 N.C. 186, 120 S.E. 2d 527; *White v. Lacey*, 245 N.C. 364, 96 S.E. 2d 1. The motion for nonsuit was properly overruled."

In the case before us, we think that it was for the jury to determine if under the circumstances related by Mrs. Hales she could reasonably assume that she could make the left turn movement in safety.

The judgment of the district court is

Reversed.

BROCK and VAUGHN, JJ., concur.