## J. ARTHUR BLANTON v. CAROLINA DAIRY, INC.

(Filed 14 October, 1953.)

**1. Automobiles § 8i—**

A motorist turning to the left on the highway is required to give the statutory signal of his intention to turn only in those instances in which the surrounding circumstances afford him reasonable grounds for apprehending that his action may affect the operation of another vehicle. G.S. 20-154.

**2. Automobiles § 18i—**

Where there is testimony on the part of defendant supporting his contention that before turning to his left across the highway he ascertained that there was no vehicle in sight to his rear for a distance of some 200 or 300 yards, and no vehicle in front of him so that he had no reasonable ground for apprehending that his intended left turn might affect the operation of any other vehicle, an unqualified instruction to the effect that his failure to give the statutory signal during the last hundred feet traveled constituted negligence *per se*, must be held for reversible error even though given in stating the contentions of plaintiff.

**3. Trial § 31b—**

It is the duty of the trial court to explain and apply the law to all the substantive phases of the evidence adduced.

**4. Same: Trial § 31f—**

An instruction which presents an erroneous view of the law or an incorrect application thereof, even though given in stating the contentions of the parties, is error.

**5. Appeal and Error § 6c (6)—**

While ordinarily a misstatement of a contention must be brought to the trial court's attention in apt time, this is not necessary when the statement of the contentions presents an erroneous view of the law or an incorrect application of it.

APPEAL by defendant from *Sink, J.,* and a jury, at April Term, 1953, of RUTHERFORD.

Civil action to recover for personal injuries and property damage resulting from a collision between the plaintiff's automobile and the defendant's milk truck, which occurred on U. S. Highway 74 between Shelby

and Forest City. Both vehicles were proceeding in the same direction. The plaintiff was in the act of overtaking and passing the milk truck, which was turning left from the highway and entering a private driveway leading to the home of a customer.

Issues of negligence, contributory negligence, and damages were answered by the jury in favor of the plaintiff.

From judgment on the verdict awarding the plaintiff damages of $5,500, the defendant appeals, assigning errors which relate to the charge of the court.

*Oscar J. Mooneyham for plaintiff, appellee.*
*Meekins, Packer & Roberts for defendant, appellant.*

JOHNSON, J. The plaintiff testified in substance that, traveling west on the highway out of Shelby, he overtook the defendant's truck going around "a small curve"; that after nearing the truck and getting in the clear where he could see ahead and "down the hill around three-tenths of a mile," he gave a signal of his intention to pass by blowing his horn; that as the front end of his car came about opposite the rear end of the defendant's truck, the defendant's driver, without giving any signal of any kind of his intention to turn, suddenly turned to his left and crossed the south half of the highway immediately in front of plaintiff, and that the collision then ensued.

On the other hand, the defendant offered evidence tending to show that defendant's milk delivery truck, having rounded a slight right-hand curve, proceeded on along a straight stretch of road, slightly down hill. The truck was being operated by its employee, Ray Mock, on a clear day, with visibility good. Mock intended to turn into a driveway on the left side of the highway to make a delivery of milk at a customer's house. He testified he looked in his side mirror and could see some 200 or 300 yards to his rear, to the crest of the hill; that there was no traffic behind him to the top of the hill, and that he looked forward and saw none in the straight stretch ahead; that having slowed from 20 to not more than 5 to 10 miles per hour, he angled his truck from his right to his left hand side of the highway, giving a hand signal for a left turn during the last 50 feet traveled before reaching the driveway on his left; that he had completed his turn into the driveway, with all but the bare rear end of his truck clear of the highway, when the plaintiff's car, coming from the rear, without audible signal by horn until the moment of impact, struck the truck at its left rear wheel and body on the extreme south edge of the pavement. The pavement is about 20 feet wide.

The trial court in charging as to the provisions of G.S. 20-154 told the jury in part:

". . . that any car before stopping, starting or turning from a direct course on the highway was required, first, to ascertain whether any other motor vehicle or pedestrian was likely to be endangered, . . . if another motor vehicle were involved he was required to give his signal by hand indicating what his movement was to be by signalling with his hand, except where the rear view was blocked, and in that case by some mechanical device approved by the State Highway & Public Works Commission, and the signalling of the hand as set forth in the statute, indicating . . . a left turn by (extending the left arm and) pointing outward with forefinger, . . . The law requires that that signal be given for at least 100 feet before the course of the driver was changed. The law requires not only that the hand must be extended indicating a turn, but that it must remain during the last 100 feet before the turn was made. *A failure to give such signal was negligence per se, that is, negligence as a matter of law.* (Italics added)

". . . The plaintiff in the instant case contends that there was no hand signal given indicating a turn by Mr. Mock, the defendant contends that there was. . . . *And the plaintiff contends that under Mr. Mock's own testimony, that if you are satisfied with what he says, that he signaled fifty feet before he made his turn he would be guilty of negligence, and the court so charges you.*" (Italics added)

The defendant's exceptions to the foregoing instructions would seem to be well taken.

As pointed out by *Ervin, J.,* in *Cooley v. Baker,* 231 N.C. 533, p. 536, 58 S.E. 2d 115, the provisions of G.S. 20-154 do not require the driver of a motor vehicle intending to make a left turn upon a highway to signal his purpose to turn in every case: "The duty to give a statutory signal of an intended left turn does not arise in any event unless the operation of some 'other vehicle may be affected by such movement.' And even then the law does not require infallibility of the motorist. It imposes upon him the duty of giving a statutory signal of his intended left turn only in case the surrounding circumstances afford him reasonable grounds for apprehending that his making the left turn upon the highway might affect the operation of another vehicle." Citing authorities.

In the instant case it is noted that the trial court gave the jury the unqualified instruction that a failure to give the hand signal during the last 100 feet before the turn was made "was negligence *per se.*" The court inadvertently failed to qualify the instruction so as to bring it within the purview of the rule announced in *Cooley v. Baker, supra.*

Nor did the court at any other time during the charge submit to the jury the defendant's contention that taking the testimony of truck driver Mock as true, it was susceptible of the inference that he was under no obligation to give the hand signal. This on the hypothesis that he, before

angling the truck to the left across the highway into the driveway, first ascertained that there was no vehicle in sight from the rear back to the curve and crest of the hill, a distance of some 200 or 300 yards, and that he, in the exercise of due care and reasonable foresight, had no reasonable ground for apprehending that his intended left turn might affect the operation of another vehicle.

Instead, the court closed this phase of the case by giving the following erroneous contention of the plaintiff: "And the plaintiff contends that under Mr. Mock's own testimony, that if you are satisfied with what he says, that he signaled fifty feet before he made his turn he would be guilty of negligence, and the court so charges you."

This contention of the plaintiff presented to the jury a view of the law clearly at variance with the foregoing rule laid down in *Cooley v. Baker, supra.* See also *Stovall v. Ragland,* 211 N.C. 536, 190 S.E. 899.

It is the duty of the trial court to explain and apply the law to the substantive phases of the evidence adduced (G.S. 1-180), and an instruction which presents an erroneous view of the law or an incorrect application thereof, even though given in stating the contentions of the parties, is error, the rule being that while ordinarily the misstatement of a contention must be brought to the trial court's attention in apt time, this is not necessary when the statement of the contention presents an erroneous view of the law or an incorrect application of it. *McLean v. McLean,* 237 N.C. 122, 74 S.E. 2d 320; *S. v. Pillow,* 234 N.C. 146, 66 S.E. 2d 657; *S. v. Hedgepeth,* 230 N.C. 33, 51 S.E. 2d 914; *S. v. Johnson,* 227 N.C. 587, 42 S.E. 2d 685; *S. v. Gause,* 227 N.C. 26, 40 S.E. 2d 463.

Here the contention of the plaintiff as given the jury by the trial court was not only erroneous, but the court seems to have adopted it unequivocably as the law of the case. Clearly, this was error entitling the defendant to a new trial, and it is so ordered.

Since the questions raised by other assignments of error, including the challenge to the charge for failure to comply with the mandatory requirements of G.S. 1-180, may not arise on retrial, we deem it appropriate to refrain from discussing them.

New trial.