GEORGE W. KANE, III, Administrator of the Estate of MEGAN ELLEN KANE, Plaintiff v. CROWLEY'S AT STONEHENGE, INC., Defendant

No. COA00-23

(Filed 19 June 2001)

**Alcoholic Beverages— restaurant's sale to underage minor— automobile accident—jury instructions—negligence— proximate cause**

The trial court did not err in its jury instructions on negligence and proximate cause, and by denying plaintiff's motion for a new trial, in a case involving defendant restaurant's alleged negligence in selling alcoholic beverages to an underaged minor who thereafter was involved in an automobile accident killing his passenger when the minor raced another automobile while the roads were wet and after drinking multiple alcoholic beverages, because: (1) the jury was not restricted to finding in favor of defendant; (2) the jury was instructed that plaintiff need not prove defendant's negligence was the sole proximate cause of the injury; and (3) the trial court specifically stated that it was the restaurant's contention, and that plaintiff denied, that the proximate cause of the passenger's fatal injuries was the minor's intentional conduct. N.C.G.S. § 18B-121.

KANE v. CROWLEY'S AT STONEHENGE, INC.

[144 N.C. App. 409 (2001)]

Appeal by plaintiff from judgments entered 2 March 1999 and 1 April 1999 by Judge Howard E. Manning, Jr. in Wake County Superior Court. Heard in the Court of Appeals 12 February 2001.

*Blanchard, Jenkins, Miller & Lewis, P.A., by Philip R. Miller, III, for plaintiff-appellant.*

*Teague, Campbell, Dennis & Gorham, L.L.P., by Dayle A. Flammia, for defendant-appellee.*

CAMPBELL, Judge.

Plaintiff's sole contentions on appeal are that the trial court erred in instructing the jury, and later in denying plaintiff's motion for a new trial on this same issue.

This case arose from the events of 30 November 1996, when the car driven by Aaron January (Aaron), in which Megan Ellen Kane (Megan) was a passenger, struck a tree, killing Megan.

Earlier that evening, Aaron, who was under age 21 (the legal age required to consume alcoholic beverages, *see* N.C. Gen. Stat. § 18B-302), went to a friend's house and consumed three or four beers. He then went to Megan's house where he had another beer and a shot of liquor. It was approximately midnight at the time. After leaving Megan's house, Aaron went to Crowley's at Stonehenge, a restaurant, (Crowley's or defendant, interchangeably) to meet some more friends, and while there, consumed two Long Island Iced Teas (a five liquor drink made up of gin, rum, vodka, tequila, and triple sec, containing about three-fourths of an ounce of each liquor). An underaged friend bought the first drink and gave it to Aaron; then when finished with the drink, Aaron went back to the bar with the empty glass and ordered two more, one for himself and one for his friend. At no time was Aaron asked for identification or other proof of his age. Aaron left Crowley's at about 1:30 a.m., and went back to Megan's house. He did not appear drunk, and could walk and drive without problems.

Around 2:45 a.m., Aaron and Megan decided to leave her house and go to a party. Aaron drove, while Megan gave directions. They were turning onto Millbrook Road from Falls of the Neuse Road, heading in the direction of Six Forks Road, when a red BMW came up behind them. Despite the fact that the roads were slightly wet from rain earlier in the evening, the BMW drove extremely close to Aaron's car, so close in fact, that he could not see the BMW's headlights. When

Aaron pulled over into the right-hand lane to let the BMW pass, it accelerated past him, swerved over in front of Aaron's car, then went back into the left-hand lane and continued on. This angered Aaron, and he started to chase the BMW. Unfortunately, while going around a curve in the road, Aaron lost control of the car and hit a tree. Megan was rendered unconscious from the impact, and never regained consciousness.

At issue on appeal is a statement made by the trial court during the jury charge. In charging the jury, the trial court said:

Crowley's contends and the plaintiff denies that the proximate cause of Megan Ellen Kane's fatal injuries was the intentional conduct of Aaron January, resulting in his conscious decision to unlawfully engage in a chase or speed competition with another motor vehicle, which intentional conduct, to wit: the chase of the red BMW on Millbrook Road resulted in Aaron January losing control of his Chevrolet Camaro, causing it to strike a tree, thereby fatally injuring Megan Ellen Kane.

Crowley's further contends that even if the jury were to find that Crowley's negligently sold or furnished alcohol to Aaron January, which is denied, that Aaron January's intentional conduct of chasing and/or racing another motor vehicle was not foreseeable. Therefore, the alleged sale or furnishing of alcohol to Aaron January was not the proximate cause of Megan Ellen Kane's fatal injuries.

Plaintiff objects to the above language, and argues that although the trial court was only stating a contention, the contention contained an erroneous view or incorrect application of the law, and therefore, plaintiff is entitled to a new trial. Plaintiff cites *Blanton v. Carolina Dairy, Inc.*, 238 N.C. 382, 77 S.E.2d 922 (1953) in support of this argument. According to *Blanton*:

It is the duty of the trial court to explain and apply the law to the substantive phases of the evidence adduced, and an instruction which presents an erroneous view of the law or an incorrect application thereof, even though given in stating the contentions of the parties, is error . . . . (citation omitted)

*Id.* at 385, 77 S.E.2d at 925.

In order to hold defendant liable for Megan's death, the burden was on plaintiff to show that defendant negligently sold an alcoholic

beverage to a minor (Aaron January), that this alcohol caused or contributed to his impairment, and that it was foreseeable that an injury such as Megan's might occur as a result of the minor's negligent driving. N.C. Gen. Stat. § 18B-121 (1999).

Plaintiff asserts that as a result of the above contention, the jury might believe that it was precluded from finding in favor of plaintiff if it found Aaron January's conduct to be *intentional*, since the statute requires that in order for the defendant to be liable, the minor's driving must have been *negligent*.

We conclude from the record before us that the trial court correctly explained the laws of North Carolina, and that this contention was neither an "incorrect application" of our laws, nor did it "present an erroneous view" of our laws.

In instructing the jury, the trial court read and explained each of the five issues the jury would need to decide. Regarding the issue on appeal, the trial court stated the issue was whether "Megan Ellen Kane [was] fatally injured as a result of Crowley's at Stonehenge, Inc.'s negligent sale or furnishing of an alcoholic beverage to an underage person," and explained that in determining this issue, the jury would need to decide six sub-issues, for which the plaintiff had the burden of proof. These six sub-issues were: (1) that Crowley's "negligently sold or furnished one or more Long Island Iceteas [sic] to Aaron January"; (2) that Aaron January was underage at the time of sale; (3) that in selling the alcoholic beverage(s) to Aaron January, "Crowley's failed to exercise that degree of care which a reasonable person would have exercised under the same or similar circumstances" (and that here the jury could consider the fact that Aaron was never asked for identification); (4) that Aaron January "became subject to an impairing substance," that alcohol is an impairing substance, and that "a person is [] impaired when he has consumed a sufficient quantity of alcohol that at any relevant time after the driving he has an alcohol concentration of 0.08 or more grams of alcohol per 210 liters of breath," (here the parties had stipulated that Aaron's blood alcohol level had been 0.145 at the time); (5) that "such impairment was caused or contributed to by consumption of the Long Island Iceteas [sic] that Crowley's sold or furnished to Aaron January"; and (6) that "while so impaired, Aaron January was negligent in the operation of the Chevrolet [Camaro] and that such negligence was a proximate cause of Megan Ellen Kane's fatal injuries." We believe that this was an accurate summation of the plaintiff's burden at trial.

Next, the court instructed the jury on the meanings of negligence and proximate cause.

> *[N]egligence refers to a person's failure to follow a duty of conduct imposed by law.* Every person is under a duty to use ordinary care to protect himself and others from injury. Ordinary care means that degree of care which a reasonable and prudent person would use under the same or similar circumstances to protect himself and others from injury. *A person's failure to use ordinary care is negligence.* (emphasis added)

> . . .

> Ladies and gentlemen, I [also] want to talk to you about proximate cause. The plaintiff, George W. Kane, III, Administrator of the Estate of Megan Ellen Kane, not only has the burden of proving negligence, but also that such negligence was a proximate cause of the fatal injuries to Megan Ellen Kane. Proximate cause, ladies and gentlemen, is a cause which in a natural and continuous sequence produces a person's injury, and is a cause which a reasonable and prudent person could have foreseen could probably produce such injury or some similar injurious result.

> There may be more than one proximate cause of an injury. *Therefore, the plaintiff need not prove that the defendant's negligence was the sole proximate cause of the injury.* (emphasis added)

As evidenced from the above excerpts, the trial court accurately instructed the jury as to both negligence and proximate cause. Also, as shown by the italicized portions, the jury was not restricted to finding in favor of defendant. Based on these instructions, the jury could find that Aaron January was negligent in his "failure to follow a duty of conduct imposed by law" and "failure to use ordinary care," by racing the red BMW, while the roads were wet, and after drinking multiple alcoholic beverages (not to mention while under the legal age to consume alcohol), just as it could find defendant was negligent in selling an alcoholic beverage to a minor in violation of "a duty of conduct imposed by law" and that it "fail[ed] to use ordinary care" by never asking to see Aaron's identification or using other methods to prevent selling alcohol to someone who was underage.

Additionally, the jury was instructed that "plaintiff need not prove that the defendant's negligence was the sole proximate cause of the

injury," further giving the jury ample opportunity to find negligence on the part of both Aaron January and defendant.

Finally, the trial court was very specific in introducing the part of the charge to which plaintiff objects by stating that "Crowley's contends and the plaintiff denies" making it clear that the judge was not presenting his view of the law, but rather a theory of the case from one party's point of view. We conclude that the record shows the trial court gave a clear and accurate explanation of the law and legal terms involved in the case when instructing the jury, and that the court did not misstate or incorrectly apply the law when giving the contentions of the parties. Therefore, the jury's finding that Megan Ellen Kane was not fatally injured as a result of a negligent sale of an alcoholic beverage by Crowley's to an underage person, as well as the trial court's denial of the motion for a new trial, is upheld.

No error.

Chief Judge EAGLES and Judge HUNTER concur.